UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Sasha Rizzo, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Discover Bank and Kohn Law Firm S.C.,<br><br>Defendants. | **Court File No.: 17-cv-408**<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I.

## INTRODUCTION

1. This is an action for damages, declaratory and injunctive relief, brought by Sasha Rizzo ("Plaintiff Rizzo") because of Defendant Discover Bank ("Defendant Discover") and Defendant Kohn Law Firm S.C.'s ("Defendant Law Firm") violations of Plaintiff's privacy rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. and the protections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. Defendants publicly filed highly confidential and statutorily protected consumer reports[1] of Plaintiffs and many other similarly situated consumers (collectively

---

[1] As will be elaborated on below, a "credit score" is a "consumer report" See, 15 U.S.C §1681a(d)(1)(A) and 15 U.S.C §1681g(f)(2)(A). Consumer reports are statutorily protected by the FCRA from wrongful disclosure to third parties. For purposes of this Complaint, Plaintiffs will use the terms "credit report," "consumer report" and "credit score" interchangeably. They all maintain the same level of protection

1

herein "Plaintiff") as part of state court collection actions commenced in various courts nationwide. Plaintiff seeks relief under the federal Fair Credit Reporting Act ("FCRA") as such "use" of Plaintiffs' consumer reports is not a permitted purpose, nor do the credit scores in any way "evidence" the writing of the underlying credit transactions. Defendants' egregious practices run afoul of exactly what Congress intended to prevent with its enactment of both the FCRA and FDCPA. The FCRA was passed to keep consumer credit reports strictly private and protected from unlawful disclosure to unauthorized parties. Defendants violated these privacy provisions and should now be held accountable.

3. Courts in the Seventh Circuit acknowledge that the purpose of the FDCPA as a whole is to "eliminate abusive debt collection practices by debt collectors," §1692(a), and debt collectors are liable for failure to comply with "any provision" of the Act. §1692k(a). Courts in various federal courts have also acknowledged that the FDCPA is a broad remedial statute that imposes strict liability on debt collectors, and its terms are to be applied in a liberal manner.

## II.
## JURISDICTION

4. Jurisdiction of this court arises under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Commerce), 15 U.S.C. §1692k and 15 U.S.C. § 1681(p) ("FCRA").

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the

conduct at issue occurred in this District, the Plaintiffs reside in this District, and Defendants Discover and Kohn Law Firm conduct business in this District.

## III.

## PARTIES

6. Plaintiff Sasha Rizzo, formerly known as Sasha M. Murphy, is an individual consumer currently residing in Eau Claire County, Wisconsin. Plaintiff Rizzo was and is a "person" as defined under 15 U.S.C. § 1681a(b), and is protected by and entitled to enforce the remedies of the FCRA and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Discover Bank is a Delaware state-chartered bank and leading credit card issuer and has its principal place of business in Delaware with a registered agent for service of Discover Bank, 100 West Market, Greenwood, DE 19950. Defendant Discover is a Bank engaged in business throughout the United States and also in the State of Wisconsin and lends money to and collects from Wisconsin residents and customers across the nation. Defendant Discover was and is a "person" as defined under 15 U.S.C. § 1681a(b) and a "user" of consumer information pursuant to §1681b(f), and is restricted by and subject to the remedies of the FCRA. Discover is also a "creditor" as defined by 15 U.S.C. 1692a(6)

8. Defendant Kohn Law Firm S.C. is law firm licensed to do business in the State of Wisconsin and has a principal place of business located at 735 N. Water Street,

3

#1300, Milwaukee, Wisconsin 53202. Defendant Law Firm regularly engages in the collection of consumer debts in the District of Wisconsin. Defendant Law Firm regularly attempts to collect consumer debts alleged to be due another. Defendant Law Firm is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). Defendant Law Firm is also a "person" as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and is subject to the requirements of the FCRA.

## IV.

## BACKGROUND INFORMATION

9. As a result of Defendants' conduct Plaintiff and the putative class have suffered an injury in fact, that the injury is traceable to the conduct of the Defendants, and the harm is likely to be redressed by a favorable judicial decision.

10. As shown in the paragraphs that follow, the Plaintiff and the putative class have suffered "an invasion of a legally protected interest" which is their privacy of private and financial information occasioned by the conduct of the Defendants.

11. The paragraphs below show that the legally protected interest is concrete and particularized and "actual or imminent" and has affected the Plaintiff and the putative class in a personal and individual way.

12. The United States Supreme Court has held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 2016 WL 2842447 (May 16, 2016), that for standing purposes, concrete injuries include intangible harms.

13. The Court in *Spokeo* further noted that:

    *"Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts."*

    *And,*

    *"...that Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."*
    (Emphasis Added).

14. Invasion of privacy is an example in the Restatement (Second) of Torts 652A (1977) of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."

15. The lead Senate sponsor, William Proxmire[2] stated that:

    *The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. ...the consumer has a right to see that the information is kept confidential and it is used for the purposed for which it is collected; and he has the right to be free from unwarranted invasions of his personal privacy...*
    (Emphasis Added).

16. One of the primary protections of the FCRA is the requirement that "users", such as Defendants Discover and Law Firm, have a permissible purpose when they use a consumer report as demonstrated in 15. U.S.C. §§ 1681b(a) & 1681b(f).

## V.

## FACTUAL ALLEGATIONS

17. As a consumer managing her financial affairs, Plaintiff Rizzo, and others similarly

---

[2] 115 Cong. Rec. 2413 (1969).

situated, sought credit by the use of credit cards for personal financial needs from Defendant Discover.

18. Plaintiff Rizzo had a Discover credit card ending in 4195, which constitutes a debt as that term is defined at 15 U.S.C. § 1692a(5).

19. Plaintiff Rizzo was unable to repay the balance on her Defendant Discover credit card account.

20. Defendants Discover and Law Firm, through its attorney Tyler M. Helsel, filed a state court collection complaint in the Circuit Court of Eau Claire County on or about May 8th, 2017, bearing the court file number 2017-SC-000774.

21. The complaint sought to recover a money judgment in the amount of $4,850.78 against Plaintiff Rizzo (f/k/a Murphy) for the unpaid balance on the credit card, plus costs and disbursements and interest.

22. Defendants Discover and Law Firm attached a copy of a monthly billing statement at paragraph 15 of the state court collection action relating to Plaintiff Rizzo's credit card debt.

23. Specifically, one document Defendants attached to the state court collection complaint was Plaintiff Rizzo's credit score information. (*See attached Exhibit 1*).

24. Plaintiff Rizzo's credit score published by Defendants constitutes part of her credit history as shown in her "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

25. This illegal use and/or publication of Plaintiff Rizzo's credit score violated the

requirements of 15 U.S.C. §1681b(f) as neither Defendants Discover nor Kohn Law Firm had a permissible purpose for using and/or publishing such protected personal private information in this manner.

26. Defendants had no permissible purpose for "using" Plaintiff Rizzo's consumer report in its public filings, and therefore has violated the provisions of 15 U.S.C. §§ 1681b and 1681b(f).

27. Defendant Law Firm by filing the state court collection action was attempting to collect the Defendant Discover's credit card debt.

28. Defendant Law Firm's filing of Plaintiff Rizzo's personal consumer report / credit score violated 15 U.S.C. §§ 1692d, 1692e(10) and 1692f.

## VI.

## CLASS ALLEGATIONS

29. Defendants unlawfully "used" the consumer report / credit score of Plaintiff and others when they published said reports in their filing of collection complaints in various state courts throughout the state of Wisconsin and nationwide.

30. Upon information and belief, Defendants have on more than one hundred (100) occasions within the past two (2) years filed state court collection actions against similar account holders wherein it unlawfully "used" the consumer report/score, in violation of 15 U.S.C. §§ 1681b(f).

31. Plaintiff brings this action individually and as a nationwide class action.

32. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify two (2) classes.

33. The first class Plaintiff seeks to certify is defined hereinafter as the "FCRA Class":

    *All current and former customers of Defendant Discover nationwide that have had their consumer report published in various judicial court collection actions within two year of the date of the filing of this Complaint.*

34. The FCRA Class shall be subject to the following exclusions, who are not members of the FCRA Class, eligibility according to the above criteria notwithstanding:

    *All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendants, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

35. The second class that Plaintiff seeks to certify is defined hereinafter as the "FDCPA Class":

    *All current and former customers of Defendant Discover in the State of Wisconsin that have had their consumer report / credit score published in various judicial court collection actions by Defendant Law Firm within one year of the date of the filing of this Complaint.*

36. The FDCPA Class shall be subject to the following exclusions, who are not members of the FDCPA Class, eligibility according to the above criteria notwithstanding:

    *All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendants, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

## *Rule 23(a) Requirements*

### *Numerosity*

37. Defendant Discover is one of the largest banks in the United States, offering a variety of financial services to consumers in numerous states.

38. Defendant Discover provides credit cards to consumers nationwide.

39. Some of those consumers may have, at one time or another, defaulted on their Discover card obligations.

40. Defendant Discover, through its attorney Defendant Law Firm and various other law firms, have filed collection actions against such a large number of consumers such that joinder of all in this lawsuit would be impracticable.

41. Defendant Law Firm and various other law firms conducts debt collection activities throughout the state of Wisconsin and nationwide and have filed collection actions against consumers on behalf of Defendant Discover.

42. Defendant Discover routinely files collection actions in courts nationwide and attaches to those suits the consumer reports / credit scores and that joinder of all consumers in this lawsuit would be impracticable.

43. Therefore, the estimated number of class members for each class is in excess of 100 persons.

### *Commonality*

44. All members of the FCRA and FDCPA Classes (hereinafter "Classes") had their rights violated in the same manner by the same illegal actions of Defendants.

45. Common evidence, in particular (1) a list of customers in Wisconsin and nationwide who have collection suits/actions filed against them by any law firm other than Defendant Law Firm; and (2) a list of Defendant Discover customers in Wisconsin and nationwide who have had collection suits filed against them specifically by Defendant Law Firm, will drive resolution of the claims of the Classes.

46. Statutory relief under the FCRA and FDCPA is directed based upon the common conduct of Defendants, and not the subjective, individual experiences of members of the FCRA and FDCPA Classes.

*Typicality*

47. Plaintiff has the same claims to statutory relief as do all other members of the Classes.

48. Any defenses that Defendants may have to liability or quantum of statutory damages with respect to Plaintiff's claims would be generally applicable to all members of the two Classes.

*Adequacy*

49. Plaintiff brings this lawsuit after an extensive investigation of Defendants' alleged misconduct.

50. Plaintiff brings this lawsuit with the intention to stop Defendants' unlawful practices and recovery statutory remedies for all consumers affected.

51. Plaintiff will continue to vigorously pursue relief for the Classes.

52. Plaintiff's counsel, the Consumer Justice Center, P.A and Lyons Law Firm P.A., have been certified as class counsel in numerous of class actions enforcing consumer rights laws in this District and other districts of the United States federal courts.

53. Plaintiff's counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Classes.

*Rule 23(b)(3)*

*Predominance/Superiority*

*Predominance*

54. Statutory relief under the FCRA and FDCPA follows from evidence that Defendants acted in a manner common to the entire class and not the subjective experience of any one complainant.

55. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the two classes.

*Superiority*

56. Plaintiff and Plaintiff's counsel are not aware of any other pending actions against Defendant Discover related to their filings of consumers' credit scores in state court collection actions.

57. Members of the Classes have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting a lawsuit.

58. Upon information and belief, few members of the Classes are aware that Defendants' actions were unlawful.

59. The class notice mechanism provides an opportunity for uninformed members of the Classes to learn about their rights and obtain relief where they otherwise would not have.

# VII.

# CAUSES OF ACTION

## COUNT I.

## FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681 et seq.

## AGAINST DEFENDANTS

60. Plaintiff incorporates by reference all the foregoing paragraphs.

61. Defendants willfully violated provisions of the Fair Credit Reporting Act. Defendants' violations include, but are not limited to the following:

> Defendants' violated 15 U.S.C. §§ 1681b and 1681b(f) and by willfully using a consumer report/credit score in the various court collection filings and is contrary to established Federal law.

62. As a result of the above and continuing violations of the FCRA, Defendants are liable to the Plaintiff in the sum of statutory damages, punitive damages, costs, disbursements, and reasonable attorneys' fees, along with any appropriate injunctive relief.

## COUNT II.

## FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692 et seq.

## AGAINST DEFENDANT LAW FIRM

63. Plaintiff incorporates by reference all the foregoing paragraphs.

64. The foregoing acts and omissions of Defendant Law Firm constitute violations of the FDCPA as outlined above.

65. Defendant Law Firm engaged in unlawful debt collection activity when filing the collection action against Plaintiff and the simultaneous filing of the Plaintiff's consumer report / credit score, in violation of 15 U.S.C. §§ 1692d, 1692e(10) and 1692f.

66. As a result of Defendant Law Firm's violations of the FDCPA, Plaintiff is entitled to statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Law Firm.

## VIII.

## TRIAL BY JURY

67. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

# IX.

# REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that a Judgment be entered against Defendants awarding her the following relief:

(a) certifying the action as a class;
(b) ordering that Plaintiff's counsel be named as class counsel;
(c) awarding Plaintiff and the FCRA Class appropriate statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
(d) awarding Plaintiff and the FCRA Class costs and reasonable attorney's fees and post judgment interest pursuant 15 U.S.C. §1681 *et seq.*;
(e) an order enjoining the Defendants from further violations of the Fair Credit Reporting Act relative to the Defendant Discover's inclusion of consumer reports / scores in all such pleadings filed in various state courts;
(f) an Order instructing Defendant Discover to move to seal all class members' state court collection files;
(g) awarding Plaintiff statutory damages against the Defendant Law Firm for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
(h) awarding the FDCPA Class members statutory damages against Defendant Law Firm for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
(i) awarding Plaintiff and the FDCPA Class members reasonable attorney's fees and costs against Defendant Law Firm;
(j) any other appropriate declaratory and/or injunctive relief; and
(k) such other and further relief as the court deems just and equitable.

Dated this 30th day of May, 2017.

Respectfully submitted,

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 0249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707

Facsimile: (651) 704-0907
Email: tommy@consumerjusticecenter.com

Thomas J. Lyons, Esq.
WI Attorney I.D. #: 1019127
LYONS LAW FIRM P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830
Email: tlyons@lyonslawfirm.com

Joshua D. Christianson, Esq.
WI Attorney I.D. #: 1060033
FREUND LAW OFFICE
920 So. Farwell St., Ste. 1800
P.O. Box 222
Eau Claire, WI 54702-0222
Phone: 715/832-5151
josh@menomonie-bankruptcy.com

***ATTORNEYS FOR PLAINTIFF***