IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SASHA RIZZO,

            Plaintiff,

v.

DISCOVER BANK and KOHN LAW FIRM S.C.,

            Defendants.

OPINION & ORDER

17-cv-408-jdp

---

    Plaintiff Sasha Rizzo brings this proposed class action against defendants Discover Bank and Kohn Law Firm S.C. for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Rizzo alleges that defendants "publicly filed highly confidential and statutorily protected consumer reports"—namely, credit scores—during state court collection actions. Dkt. 2, ¶ 2.

    Out of the gate, Kohn moved to strike certain paragraphs from Rizzo's complaint. Dkt. 6. Rizzo opposed. Then, tucked away in its reply brief, Kohn asked to stay the entire case, including forestalling on ruling on the motion to strike, pending a potential motion to compel arbitration. The court begins there.

    First, a reply brief in support of a motion to strike is not the place to make a new, completely unrelated request for a stay. Kohn should have filed a separate motion to stay if he wanted the court to consider it.

    Second, and more to the point, Kohn's request for a stay is substantively flawed. Kohn states that it *believes* that a certain card member agreement applies to Rizzo's claims, that the agreement has an arbitration clause, and that it *may* need to file a motion to compel arbitration at some point in the future (Kohn "awaits plaintiff's position on arbitration"). Dkt. 14, at 1.

Then Kohn previews its arguments concerning compelled arbitration and throws in copied-and-pasted portions of its opening brief in support of its motion to strike for good measure.

Kohn's request for a stay is denied. It is premature and unsupported. If and when Kohn moves to compel arbitration, it may renew its motion to stay. For now, the case proceeds, and the court turns to the motion to strike.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored; they delay proceedings, usually unnecessarily. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Generally, a party should not move "to strike extraneous matter unless its presence in the complaint is actually prejudicial." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001).

Here, Kohn's issue is that paragraphs 12-16 of the complaint plead law as opposed to facts:

> 12. The United States Supreme Court has held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 2016 WL 2842447 (May 16, 2016), that for standing purposes, concrete injuries include intangible harms.
>
> 13. The Court in *Spokeo* further noted that:
>
> *"Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts."*
>
> And,
>
> *"...that Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."*
>
> (Emphasis Added).

> 14. Invasion of privacy is an example in the Restatement (Second) of Torts 652A (1977) of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."
>
> 15. The lead Senate sponsor, William Proxmire stated that:
>
> *The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. ...the consumer has a right to see that the information is kept confidential and it is used for the purposed for which it is collected; and he has the right to be free from unwarranted invasions of his personal privacy...*
>
> (Emphasis Added).
>
> 16. One of the primary protections of the FCRA is the requirement that "users", such as Defendants Discover and Law Firm, have a permissible purpose when they use a consumer report as demonstrated in 15. U.S.C. §§ 1681b(a) & 1681b(f).

Dkt. 2, ¶¶ 12-16 (footnote omitted). Kohn contends that it would be unduly prejudiced if forced to respond to legal allegations.

Rizzo does not appear to gain anything by preemptively arguing legal issues in her complaint; she must plead facts to state a viable claim for relief, and she will have to brief motions to prevail on legal fights. But Rizzo "is not barred from pleading legal conclusions in an initial pleading." *Walker v. Walker*, No. 11-cv-2967, 2011 WL 3757314, at *1 (N.D. Ill. Aug. 25, 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *accord Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05-cv-3520, 2005 WL 2445902, at *2 (N.D. Ill. Sept. 29, 2005) ("Refusing to answer an allegation because it calls for legal conclusions 'flies in the face of the established doctrine that legal conclusions are a proper part of federal pleading, to which Rule 8(b) also compels a response.'" (quoting *Gracedale Sports & Entm't, Inc. v. Ticket Inlet, LLC*, No. 99-cv-2781, 1999 WL 618991, at *2 (N.D. Ill. Aug. 9, 1999))). Just because Rizzo decided to plead legal conclusions does not mean that Kohn is required to brief the issues in its answer.

Kohn must respond to the pleading as required under Rule 8(b). That's it. Kohn has not demonstrated that such an undertaking will be prejudicial. The motion to strike is denied.

One point in closing. This suit is not two months old and already Kohn has demonstrated an eagerness to file unnecessary motions with a disregard for proper motion practice. The court suggests that Kohn adjust its approach to this case.

ORDER

IT IS ORDERED that:

1. Defendant Kohn Law Firm S.C.'s motion to strike, Dkt. 6, is DENIED.

2. Defendant's motion to stay, Dkt. 14, is DENIED without prejudice.

Entered July 24, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge