UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

SASHA RIZZO, on behalf of herself
and all others similarly situated,

    Plaintiff,

                                          Case No.: 17-CV-408

v.

DISCOVER BANK and KOHN LAW FIRM S.C.,

    Defendants.

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

Pursuant to the Federal Arbitration Act set forth at 9 U.S.C. §§1-16 ("FAA") and the arbitration provision in the applicable Discover Card Member Agreement, defendant Kohn Law Firm, S.C. ("Kohn"), by its attorneys, Peterson, Johnson & Murray, S.C., hereby respectfully requests the Court stay these proceedings and compel the parties to arbitrate. When plaintiff contracted with defendant Discover Bank ("Discover") to obtain and use a credit card, she agreed to arbitrate any claims arising from her account, including the claims asserted against Kohn. Plaintiff has waived her right to proceed in this forum and has waived her right to participate in a class action. The FAA requires plaintiff to honor her arbitration agreement.

## BACKGROUND

### I.    Plaintiff Agrees To Resolve Her Disputes In Arbitration.

In plaintiff's amended complaint, plaintiff concedes that she sought credit from Discover, that she was issued a Discover credit card, and that she was unable to repay the balance on her credit card account. (Doc. 2, ¶¶17-19) The agreement between plaintiff and Discover for

Discover to extend credit to plaintiff is memorialized in a Discover Card Member Agreement (the "Agreement").  (Ambrosh Aff., ¶¶1-4, Exh A)  The Agreement provides, in pertinent part, as follows:

> ### ACCEPTANCE OF AGREEMENT
>
> You accept this Agreement if you do not cancel your Account within 30 days after receiving a Card.  You also accept this Agreement if you or an Authorized User use the Account.  You may, however, reject the "Arbitration of Disputes" section as explained in that section.
>
> …
>
> **Agreement to arbitrate.**  In the event of a dispute between you and us arising under or relating to this Account, either may choose to resolve the dispute by binding arbitration, as described below, instead of in court…
>
> …
>
> **Governing Law and Rules.**  This arbitration agreement is governed by the Federal Arbitration Act (FAA)…
>
> …
>
> **Other beneficiaries of this Provision.**  *In addition to you and us, the rights and duties described in this arbitration agreement apply to*: our Affiliates and our and their officers, directors and employees; *any third party co-defendant of a claim subject to this arbitration provision*; and all joint Accountholders and Authorized users of your Account(s).

(Id., Exh A; emphasis added)

**II.     Plaintiff Sues Discover and Kohn Notwithstanding Her Arbitration Agreement.**

Despite her arbitration agreement, in May 2017, plaintiff filed this putative class action alleging violations by defendants of the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA").  (Doc. 2, ¶¶60-66)  Specifically, plaintiff's amended complaint dated May 30 contends that Discover violated provisions of the FCRA and that Kohn violated provisions of the FCRA and FDCPA by filing collection actions in Wisconsin state

courts that attached as an exhibit to those pleadings a statement of an amount due which also set forth the plaintiff's credit score.  (See Id., ¶¶2, 22-23)

On June 26, Kohn filed a motion to strike portions of plaintiff's amended complaint pursuant to Rule 12(f).  (Docs. 6, 7)  On July 13, plaintiff entered into a stipulation and order with Discover allowing it an extension of time until July 24 to file a responsive pleading or motion to plaintiff's amended complaint.  (Doc. 12)  During the pendency of Kohn's motion, on July 14, Kohn's counsel sent plaintiff's counsel a letter by e-mail indicating that Kohn intended to enforce the arbitration clause contained in the Agreement applicable to plaintiff's account with Discover.  (Doc. 15-1)  The letter also requested that plaintiff's counsel advise whether plaintiff disputed submitting her claims to arbitration so that an appropriate motion to compel arbitration could be filed.  (Id.)  Plaintiff's counsel has never responded.

On July 24, the Court issued an order denying Kohn's motion to strike.  (Doc. 16)  Also on that date, presumably in response to Kohn's expressed desire to arbitrate, plaintiff filed a notice of dismissal of Discover pursuant to Rule 41(a).  (Doc. 17)  In response, this Court advised plaintiff that Rule 41(a) was not the proper procedural vehicle to drop a party from an action and that the proper vehicle was Rule 15(a).  (Doc. 18)  The Court went on to instruct plaintiff of two choices: (1) plaintiff could enter into a stipulation with Discover to dismiss it from the case or (2) plaintiff could file an amended complaint that drops the claims asserted against Discover.  (Id.)

On July 26, plaintiff opted to proceed with the first option by filing a stipulation with Discover to dismiss plaintiff's claims against Discover "on the merits without prejudice."  (Doc. 19)  The Court advised the parties that dismissal "on the merits" was "with prejudice" and that the Court would assume that the parties intended to dismiss plaintiff's claims against Discover

"without prejudice" unless the parties advised the Court otherwise.  (Doc. 20)

## ARGUMENT

Under the FAA, arbitration should be compelled if three elements are present: (1) an enforceable written agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal to arbitrate.  9 U.S.C. §4; Zurich American Ins. Co. v. Watts Industries, Inc., 417 F.3d 682, 687 (7th Cir. 2005).  Generally, federal policy favors arbitration, and once an enforceable arbitration contract is shown to exist, questions as to the scope of arbitrable issues should be resolved in favor of arbitration.  Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Therefore, "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  AT&T Techs. v. Commc'ns. Workers of Am., 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (citation omitted).

To give effect to the federal policy favoring arbitration, the FAA provides for stays of litigation when an issue presented in the case is referable to arbitration.  9 U.S.C. §3; EEOC v. Waffle House, Inc., 534 U.S. 279, 288-89, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002).  "If one party to a contract containing an arbitration clause attempts to avoid arbitration and files suit in the district court, the other party may move to stay or dismiss the action on the ground that the FAA requires the arbitration clause of the contract to be enforced."  Volkswagon of America, Inc. v. Sud's of Peoria, Inc., 474 F.3d 966, 970 (7th Cir. 2007).

For the reasons that follow, all three elements necessary to compel arbitration are present and the Court should require plaintiff to honor her agreement to arbitrate.

4

I.      There Is A Written, Valid And Enforceable Agreement To Arbitrate.

The first element requires that there be a written, valid and enforceable agreement to arbitrate.  Zurich, 417 F.3d at 687.  The FAA requires federal and state courts to place written arbitration agreements on the same footing as other contracts.  9 U.S.C. §2; Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 629-30, 129 S.Ct. 1896, 173 L.Ed.2d 832 (2009) (citations omitted).  The Supreme Court has explained that "traditional principles of state law" govern whether a contract, including an arbitration agreement, is enforceable by or against a non-party. Arthur Andersen, 556 U.S. at 631 (quotations and citation omitted).

While the Agreement specifies the application of Delaware law (Ambrosh Aff., Exh A, p. 3), the plaintiff's primary contacts -- contract, purchases and payments -- are in Wisconsin. Accordingly, both Wisconsin and Delaware contract principles will be discussed.

Under Wisconsin law, a court's analysis of a contract begins with the objective meaning of the contract.  State ex rel. Siciliano v. Johnson, 21 Wis.2d 482, 487-88, 124 N.W.2d 624 (1963).  Courts take contracts at face value.  Courts "must assume that the parties attempted to enter into a legal and enforceable contract, and an interpretation favoring legality and enforceability should be adopted."  See Variance, Inc. v. Losinske, 71 Wis.2d 31, 36-37, 237 N.W.2d 22 (1976).

Courts will not read contracts so that any terms become mere surplusage.  Just as courts cannot rewrite contracts or insert terms that the parties did not intend, so too, it will not remove terms that have been agreed to.  See Columbia Propane, L.P. v. Wis. Gas Co., 261 Wis.2d 70, 84-85, 661 N.W.2d 776 (2003); Isermann v. MBL Life Assurance Corp., 231 Wis.2d 136, 153-54, 605 N.W.2d 210 (1999) ("Courts must read contracts to give a reasonable meaning to each provision and avoid a construction that renders portions of a contract meaningless.").  Contracts

will be construed as written.  See Amcast Indus. Corp. v. Affiliated FM Ins. Co., 221 Wis.2d 145, 164-65, 584 N.W.2d 218 (1998) (citing the well-known rule of contract construction that contracts must be construed as written).

The first element is satisfied by the arbitration clause in the Agreement and plaintiff's undeniable use of the credit card.  See ProCd, Inc. v. Seidenberg, 86 F.3d 1147, 1452 (7th Cir. 1996) ("A vendor, as master of the offer, may invite acceptance by conduct, and may propose limitations on the kind of conduct that constitutes acceptance.  A buyer may accept by performing the acts the vendor proposes to treat as acceptance."); see also Grasso v. First USA Bank, 713 A.2d 304, 308-09 (Del. Super. Ct. 1998) (use of the credit card would constitute acceptance of the terms in the credit card agreement); Clemens v. GE Money Bank, No. 11-CV-00210, 2012 WL 5868659, at *2 (E.D. Wis. Nov. 20, 2012) (continued use of credit card indicates assent to credit card agreement including the applicable arbitration clause); Boomer v. AT&T Corp., 309 F.3d 404, 415 (7th Cir. 2002) (holding that plaintiff accepted terms of AT&T Consumer Services Agreement by continued use of services).  Plaintiff's admitted use of the credit card establishes that she assented to its terms, including the arbitration provision in the Agreement.  Ineman v. Kohl's Corp., No. 14-CV-398, 2015 WL 1399052, at *3-5 (W.D. Wis. Mar. 26, 2015)

As set forth in the Agreement, the arbitration clause applies to plaintiff, Discover, and any third party co-defendant of a claim subject to arbitration.  (Ambrosh Aff., Exh A, pp. 3-4) Kohn is a third party co-defendant of a claim subject to the arbitration provision contained in the Agreement.  Plaintiff has attempted to evade this provision by entering into a stipulation to dismiss Discover from this action.  Those pleadings tactics should not allow plaintiff to evade arbitrating her claims against Kohn for several reasons.

First, courts have routinely admonished pleading tactics aimed at attempting to avoid arbitration.  See, i.e., <u>Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.</u>, 1 F.3d 639, 643 (7th Cir. 1993) ("We have routinely held that a party may not avoid a contractual arbitration clause merely by 'casting its complaint in tort.'") (citations omitted).

Second, Kohn expressed its desire to arbitrate while it was undeniably a third party co-defendant with Discover.  (<u>See</u> Doc. 15-1)  On July 14, Kohn advised plaintiff of its intent to arbitrate the claims that are the subject of this action.  (<u>Id</u>.)  At that time, it was undeniable that the Agreement's arbitration provision applied to Kohn as it was sued in this action with Discover as a third party co-defendant of Discover involving claims subject to the arbitration provision. Plaintiff's subsequent dismissal of Discover from this action does not change that fact.

The Court's instructions to plaintiff's counsel demonstrate this point.  Initially, plaintiff sought to simply voluntarily dismiss Discover from this lawsuit pursuant to Rule 41(a).  The Court advised plaintiff's counsel that that was not the proper vehicle to dismiss a party from the suit.  The Court then advised that plaintiff's counsel could either (1) enter into a stipulation with Discover to dismiss it from the action or (2) file an amended complaint omitting the claims asserted against Discover.  Plaintiff opted to go with the first option and entered into a stipulation and order to dismiss Discover from this action.

With that backdrop, as this case is currently postured, it involves claims of violations of the FDCPA and FCRA against Kohn and the claims of similar violations against Discover have since been dismissed.  That does not change the fact that, when this action was filed, defendant and Discover were co-defendants.  Moreover, Discover was still in the lawsuit when Kohn advised plaintiff's counsel of its intent to arbitrate.  Plaintiff's pleading tactics do not change the fact that Kohn may exercise the right under the Agreement to arbitrate the claims asserted

against it by plaintiff as a third party co-defendant.  Holding otherwise would insert a temporal element into the arbitration provision of the Agreement that does not exist.  The arbitration clause does not say that a third party co-defendant has rights to compel arbitration only if it asserts its right to arbitrate only while Discover remains as a co-defendant.  Such construction of the Agreement would constitute rewriting the Agreement and inserting terms that the parties did not intend.  See Columbia Propane, 261 Wis.2d at 84-85.

Accordingly, pursuant to the express terms of the Agreement, Kohn, as a third party co-defendant facing claims subject to arbitration, has contractual rights to enforce arbitration.  The Court should stay these proceedings and compel the parties to arbitrate.

Even if this Court disagrees with Kohn's position that it has the contractual right to compel arbitration pursuant to the express terms of the Agreement, the Court should nonetheless compel arbitration because Kohn is a third party beneficiary of the Agreement.  Arthur Andersen, 556 U.S. at 631 (incorporation by reference and third party beneficiary, among other state law principles, govern who may enforce an arbitration agreement); Zurich, 417 F.3d at 687. In Arthur Andersen, the Supreme Court explained that "traditional principles of state law" govern whether a contract, including an arbitration agreement, is enforceable by or against a non-party.  Arthur Andersen, 556 U.S. at 631 (quotations and citation omitted).  Here, the Agreement contains a choice-of-law provision that provides that Delaware law shall govern the Agreement, but all of the primary contacts involved here stem from Wisconsin.  Under either Wisconsin or Delaware law, Kohn constitutes a third party beneficiary that can enforce the arbitration clause contained in the Agreement.

Wisconsin law recognizes the doctrine of third party beneficiary.  See, i.e., Christnacht v. Dep't of Indus., Labor & Human Relations, 68 Wis.2d 445, 453-54, 228 N.W.2d 690 (1975).

Kohn constitutes a third party beneficiary of the Agreement because the Agreement provides that Discover and plaintiff specifically intended the Agreement to benefit Kohn or a class to which Kohn belongs.  See Milwaukee Area Tech. Coll. v. Frontier Adjusters of Milwaukee, 2008 WI App 76, ¶20, 312 Wis.2d 360, 752 N.W.2d 396.  Intent can be established by specific language in the agreement or by the totality of the circumstances.  See Becker v. Crispell-Snyder, Inc., 2009 WI App 24, ¶11, 14, 316 Wis.2d 359, 763 N.W.2d 192.

In Schell v. Knickelbein, 77 Wis.2d 344, 252 N.W.2d 921 (1977), the Wisconsin Supreme Court stated as follows:

> To maintain an action as a third party beneficiary, a plaintiff must show that the parties to the contract intentionally entered their agreement 'directly and primarily for his benefit' … Saying the same thing in a different way …: 'In order to entitle a stranger to a contract to recover thereon, the contract must indicate an intention to secure some benefit to such third party.'

Schell, 77 Wis.2d at 348-349 (citations omitted)  Similarly, under Delaware law, only parties to a contract and intended third party beneficiaries may enforce the contract terms.  Bromwich v. Hanby, 2010 WL 8250796, at *2 (Del. Super. July 1, 2010) (citing Smith v. Mattia, 2010 WL 412030 (Del. Ch. Feb. 1, 2010)); see also NAMA Hldgs., LLC v. Related World Mkt. Ctr., LLC, 922 A.2d 417, 434 (Del. Ch. 2007) ("As a general rule, only parties to a contract and intended third-party beneficiaries may enforce an agreement's provisions.  Mere incidental beneficiaries have no legally enforceable rights under a contract.").

Thus, under either Wisconsin or Delaware law, for a third party beneficiary to enforce a contractual right, it must be shown that the contract was explicitly intended to benefit said third party.  Here, the express terms of the Agreement demonstrate that third party co-defendants facing claims subject to arbitration are intended and express beneficiaries of the arbitration agreement.  In fact, the clause in the arbitration provision contains bold lettering that states

"**Other beneficiaries of this Provision**" and then includes "any third party co-defendant of a claim subject to this arbitration provision…"  (Ambrosh Aff., Exh A, p. 4)  It cannot be disputed that Kohn -- as a third party co-defendant of claims brought against it and Discover arising from claims subject to the arbitration provision -- is an intended and express third party beneficiary of the Agreement.

Accordingly, under the express terms of the Agreement and state law principles governing third party beneficiaries, the Court should compel plaintiff to arbitrate her claims against Kohn.

## II.     Plaintiff's Claims Against Kohn Fall Within The Scope Of The Arbitration Agreement.

The second element requires that the claims being compelled to arbitration fall within the scope of the Agreement.  Zurich, 417 F.3d at 687.  While a court "cannot compel a party to arbitrate a dispute unless that party has contractually agreed to do so," Karl Schmidt Unisia, Inc. v. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am., UAW Local 2357, 628 F.3d 909, 912 (7th Cir. 2010), where parties have entered into such an agreement, as here, "ambiguities as to the scope of the arbitration clause itself [must be] resolved in favor of arbitration."  Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).  Indeed, where an arbitration clause is broad, as it unquestionably is here, a formal presumption in favor of arbitrability applies.  See, *i.e.*, Karl Schmidt Unisia, Inc., 628 F.3d at 913; United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. TriMas Corp., 531 F.3d 531, 536 (7th Cir. 2008); Kiefer Specialty Flooring, Inc. v. Tarkett, Inc., 174 F.3d 907, 910 (7th Cir. 1999).

Here, the scope of the arbitration provision in the Agreement is broad.  It provides that "[i]n the event of a dispute between you and us *arising under or relating to this Account*, either

may choose to resolve the dispute by binding arbitration." (Ambrosh Aff., Exh A, pp. 3-4; emphasis added) The Agreement further provides that "in addition to [plaintiff] and [Discover], the rights and duties described in this arbitration agreement apply to…any third party co-defendant of a claim subject to this arbitration provision…" (Id.) "Any dispute between contracting parties that is in any way connected with their contract could be said to 'arise out of' their agreement and thus be subject to arbitration under a provision employing this language. At the very least, an 'arising out of' arbitration clause would 'arguably cover[]' such disputes and that is all that is needed to trigger arbitration." Third Wave Technologies, Inc. v. Mack, No. 04-C-0079-C, 2004 WL 941205, at *7-8 (W.D. Wis. April 28, 2004) (citing Sweet Dreams, 1 F.3d at 642 (citing Schacht v. Beacon Ins. Co., 742 F.2d 386, 391 (7th Cir. 1984)).

Here, Kohn brought a collection action against plaintiff on behalf of Discover arising from plaintiff's account with Discover. Plaintiff's claims against Kohn arise from Kohn's conduct in pursing collection efforts on behalf of Discover regarding plaintiff's account with Discover. It cannot be disputed that plaintiff's claims against Kohn fall within the scope of the arbitration provision of the Agreement.

Even if there were any doubts as to whether plaintiff's claims against Kohn are arbitrable, ambiguities as to the scope of the arbitration clause must be resolved in favor of arbitration. Volt Info. Scis., Inc., 489 U.S. 468, 476 (1989); Moses H. Cone Memorial Hospital, 460 U.S. at 24-25. Accordingly, this second element is also present.

### III.    Plaintiff Has Refused To Arbitrate.

Lastly, the filing of this lawsuit, plaintiff's failure to respond to Kohn's expressed intent to arbitrate, and plaintiff's anticipated opposition to this motion demonstrate that plaintiff has refused to proceed to arbitration in accordance with the Agreement. Accordingly, this third

element is also present.

When, as here, the FAA governs an arbitration agreement that covers plaintiff's claims, the Court should compel her to arbitrate her claims on an individual basis in accordance with the Agreement.

## <u>CONCLUSION</u>

As all three elements necessary to stay these proceedings and compel arbitration are present, Kohn respectfully requests this Court do just that.  First, there is a written, valid and enforceable arbitration agreement.  Second, plaintiff's claims against Kohn fall within the scope of the arbitration Agreement.  Lastly, plaintiff has refused to arbitrate.  Accordingly, pursuant to the FAA and the Agreement, this Court should stay proceedings and compel the parties to arbitrate.

Respectfully submitted this 7th day of August, 2017.

PETERSON, JOHNSON & MURRAY, S.C.
Attorneys for Defendant, Kohn Law Firm, S.C.


By:  _/s/ Terry E. Johnson_____
        Terry E. Johnson
        State Bar No. 1016704
        788 N. Jefferson Street, Suite 500
        Milwaukee, WI  53202
        414-278-8800
        Fax:  414-278-0920
        tjohnson@pjmlaw.com

\\pjmsav\vol1\docs\010\0146\00993443.docx