UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

SASHA RIZZO, on behalf of herself and all
others similarly situated,

      Plaintiff,

                                            Case No.: 17-CV-408

v.

DISCOVER BANK and KOHN LAW FIRM S.C.,

      Defendants.

## ANSWER TO AMENDED CLASS ACTION COMPLAINT

Defendant, Kohn Law Firm S.C., by its attorneys, Peterson, Johnson & Murray, S.C., answers the amended class action complaint as follows:

1.      Answering paragraph 1, admits that the amended complaint contains such allegations, but denies the truth or accuracy of those allegations.

2.      Answering paragraph 2, denies the truth of the allegations contained therein.

3.      Answering paragraph 3, denies that the allegations contained therein are a fair, accurate, or complete description of the Seventh Circuit or other federal court case law in the cited areas.

4.      Answering paragraphs 4 and 5, admits the truth of the allegations contained therein.

5.      Answering paragraph 6, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

6.      Answering paragraph 7, admits generally the truth of the allegations contained therein.

7.      Answering paragraph 8, admit the truth of the allegations contained therein but affirmatively allege that this answering defendant regularly engages in the collection of non-consumer debts and regularly attempts to collect non-consumer debts.

8.      Answering paragraphs 9, 10, and 11, denies on information and belief the truth of the allegations contained therein.

9.      Answering paragraph 12, admits that the Supreme Court has issued the Spokeo decision, but denies that the allegations contained therein fairly or accurately characterize any holding in the Spokeo decision.

10.     Answering paragraph 13, admits that the language quoted therein is contained in the Spokeo decision, but denies that the quoted language is a fair, accurate, or complete description of any holding of the court in Spokeo.

11.     Answering paragraph 14, admits that the language contained therein is contained in the *Restatement*, but denies the relevance of that language.

12.     Answering paragraph 15, admits that the comments contained therein are set forth in the congressional record, that those comments were made by Senator Proxmire, and that Senator Proxmire was the lead sponsor for the legislation that was eventually adopted as the Fair Credit Reporting Act, but denies the relevance or materiality of any such statements.

13.     Answering paragraph 16, denies on information and belief the truth of the allegations contained therein.

14.     Answering paragraphs 17 and 18, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

15.     Answering paragraph 19, denies any knowledge or information sufficient to form

a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

16.     Answering paragraphs 20, 21, 22, and 23, admits generally the truth of the allegations contained therein.

17.     Answering paragraph 24, denies on information and belief the truth of the allegations contained therein.

18.     Answering paragraphs 25 and 26, denies the truth of the allegations contained therein.

19.     Answering paragraph 27, admits the truth of the allegations contained therein.

20.     Answering paragraphs 28 and 29, denies the truth of the allegations contained therein.

21.     Answering paragraph 30, admits that defendant has on more than 100 occasions within the past two years filed state court collection actions, but denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

22.     Answering paragraph 31, admits that plaintiff purports to bring the action on the basis referred to therein, but denies the accuracy of those allegations.

23.     Answering paragraphs 32, 33, 34, 35, and 36, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

24.     Answering paragraphs 37, 38, and 39, admits generally the truth of the allegations contained therein, but affirmatively alleges that those allegations are irrelevant in light of the dismissal of defendant Discover.

25.     Answering paragraph 40, denies the truth of the allegations contained therein as to this answering defendant; further answering said paragraph, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

26.     Answering paragraph 41, admits that this answering defendant conducts debt collection activities throughout the State of Wisconsin and has filed collection actions against consumers on behalf of defendant Discover, but denies that this answering defendant conducts debt collection activities nationwide; further answering said paragraph, denied any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

27.     Answering paragraphs 42, 43, 44, 45, 46, 47, and 48, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

28.     Answering paragraphs 49 and 50, admits that plaintiff brings this lawsuit; further answering said paragraph, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

29.     Answering paragraphs 51, 52, 53, 54, 55, 56, 57, 58, and 59, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

30.     Answering paragraph 60, realleges and incorporates herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

31.     Answering paragraphs 61 and 62, denies the truth of the allegations contained therein as t this defendant; further answering said paragraph, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

32.     Answering paragraph 63, realleges and incorporates herein by reference as if fully set forth the admissions, denials, and allegations contained within the preceding paragraphs of this answer.

33.     Answering paragraphs 64, 65, and 66, denies the truth of the allegations contained therein.

34.     Answering paragraph 67, admits the truth of the allegations contained therein.

## AFFIRMATIVE DEFENSES

NOW COMES this answering defendant, and as and for its first affirmative defense, alleges that by virtue of an agreement entered into between plaintiff and, upon information and belief, all other proposed members of the class, have entered into contracts with defendant Discover which waived the rights of plaintiff and, upon information and belief, all other proposed members of the class to proceed in the form of a class action against this answering defendant.

 As and for a further affirmative defense, alleges that by virtue of an agreement entered into between plaintiff and, upon information and belief, all other members of the proposed class, agreed to mandatory arbitration of any or all claims of the type set forth in the amended complaint.

As and for a further affirmative defense, alleges that some or all of the plaintiffs may have failed to mitigate any damages allegedly caused by the events referred to in the complaint.

As and for a further affirmative defense, allege that any conduct allegedly violating the laws referred to therein and any alleged violations of any law were not intentional and, to the extent they may have occurred, such violations resulted from a bona fide error notwithstanding the maintenance by these answering defendants of procedures reasonably adapted to avoid any such error.

As and for a further affirmative defense, allege upon information and belief that some or all of the debts of some or all of the plaintiffs referred to in the complaint were not incurred for personal, household, or family purposes and therefore are not within the scope of the statutes on which plaintiffs' claims are based.

As and for a further affirmative defense, allege that, if a technical violation of the SCRA occurred, plaintiffs' statutory damages are limited.

As and for a further affirmative defense, allege that at all times material hereto, this answering defendant acted in good faith.

As and for a further affirmative defense, allege that some or all of the claims asserted in the Amended Complaint may be subject to litigation privilege and/or litigation immunities.

WHEREFORE, defendant, Kohn Law Firm S.C., demands judgment dismissing the amended complaint against it on its merits, together with its costs and disbursements herein.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2017.

PETERSON, JOHNSON & MURRAY, S.C.
Attorneys for Defendant, Kohn Law Firm S.C.

By:  */s/ Electronically signed by Terry E. Johnson*
       Terry E. Johnson
       State Bar No. 1016704

788 N. Jefferson Street, Suite 500
Milwaukee, WI  53202
414-278-8800     00993562.DOC