IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SASHA RIZZO, on behalf of herself and all others
similarly situated,

                  Plaintiff,

   v.

KOHN LAW FIRM S.C.,

                  Defendant.

OPINION & ORDER

17-cv-408-jdp

---

This proposed class action arises out of a credit card that plaintiff Sasha Rizzo applied for and received from Discover Bank. Rizzo alleges that she failed to repay the balance on her credit card account, so both Discover and defendant Kohn Law Firm S.C., a law firm that regularly engages in the collection of consumer debts, sued Rizzo in the Circuit Court for Eau Claire County, Wisconsin. Attached to the complaint was a copy of Rizzo's monthly billing statement for her Discover account and included in the statement was Rizzo's credit score, which was not redacted. Rizzo contends that publishing her credit score qualifies as unlawful debt collection activity under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e(1), and 1692f, and was an impermissible use of a "consumer report" under the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

Before the court is Kohn's motion under 9 U.S.C. §§ 3 and 4 to compel arbitration and stay the proceedings in this court. Dkt. 21. Rizzo objects to Kohn's motion on several grounds, but the court need only consider one of them, which is that Rizzo's claim is not subject to an arbitration agreement. Because Kohn is not a party to the agreement at issue and Kohn has not otherwise shown that it has the right to enforce the agreement, the court will deny Kohn's motion to compel.

ANALYSIS

The first question in resolving a motion to compel is determining whether the parties have an agreement to arbitrate their dispute. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). Although questions about the *scope* of an arbitration clause are resolved in favor of arbitration as a matter of federal law, *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012), the presumption in favor of arbitration does not apply "when deciding whether there is an agreement to arbitrate in the first instance." *Druco Restaurants, Inc. v. Steak N Shake Enters., Inc.*, 765 F.3d 776, 782 (7th Cir. 2014). That question is answered by applying state principles of contract law. *Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 809 (7th Cir. 2011).

In this case, Kohn is relying on an arbitration clause in the cardmember agreement between Rizzo and Discover.[1] Kohn is not a party to that agreement, but it says that it nevertheless has the right to enforce the arbitration clause.

"[A] litigant who was not a party to the relevant arbitration agreement may [enforce the agreement] if the relevant state contract law allows him to" do so. *Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009). Although the cardmember agreement contains a Delaware choice of law provision, neither party makes an argument regarding choice of law. Because both parties rely primarily on Wisconsin law and neither party suggests that there is any difference between Wisconsin and Delaware law on the issues debated by the parties, the court will look to Wisconsin law. *RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008) ("When neither

---

[1] The parties debate whether Kohn adduced sufficient evidence to show that the arbitration agreement it cites actually applied to Rizzo. For the purpose of Kohn's motion, the court will assume that Rizzo and Discover entered into the agreement included in the record.

party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits.").

Various state law doctrines allow nonparties to enforce contracts under certain circumstances, including "assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary, waiver, . . . estoppel . . . and agency." *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 753 (7th Cir. 2017). Kohn does not rely on most of these doctrines. In fact, it expressly disavows any reliance on estoppel in its reply brief in attempting to distinguish cases that Rizzo cites discussing that doctrine. Dkt. 32, at 6 (distinguishing *In re Henson*, 869 F.3d 1052 (9th Cir. 2017), *Cox v. ScreeningOne, Inc.*, No. 14-cv-229, 2015 WL 413812 (N.D. Ohio Jan. 30, 2015), and *Pagan v. Integrity Sol. Servs., Inc.*, 42 F. Supp. 3d 932 (E.D. Wis. 2014)). Instead, Kohn says that it is entitled to enforce the arbitration clause because it is a third-party beneficiary of the cardmember agreement.[2] The court will follow Kohn's lead and consider only the issues raised in its briefs.

"A person may enforce a contract as third-party beneficiary if the contract indicates that he or she was either specifically intended by the contracting parties to benefit from the contract or is a member of the class the parties intended to benefit." *Milwaukee Area Tech. Coll. v. Frontier Adjusters of Milwaukee*, 2008 WI App 76, ¶ 20, 312 Wis. 2d 360, 377, 752 N.W.2d 396, 404. In support of its contention that it is a member of the class the arbitration clause is intended to benefit, Kohn relies on the following language in the clause:

> **Other beneficiaries of this Provision.** In addition to [the cardholder] and [Discover], the rights and duties described in this arbitration agreement apply to: our Affiliates and our and their

---

[2] Kohn says that it is entitled to enforce the arbtitration clause both because it is a third-party beneficiary and because the language of the clause gives it the right to compel arbitration. But both arguments rely on the same language in the clause, so they are really the same argument.

3

> officers, directors and employees; any third party co-defendant of a claim subject to this arbitration provision; and all joint Accountholders and Authorized users of your Account(s).

Dkt. 24-1, at 4.

Kohn says that it is entitled to invoke the arbitration clause because it is a "third party party co-defendant of a claim subject to this arbitration provision."[3] The court will assume for the purpose of Kohn's motion that Rizzo's claims fall within the subject matter of those that are "subject to th[e] arbitration provision," but this assumption does not help Kohn because Kohn is the only defendant in the case. It is not a "third party co-defendant" with Discover.

Kohn asks the court to overlook Discover's absence from the case because Discover *was* a defendant when Rizzo first filed her complaint. But Rizzo has since dismissed Discover from the case, Dkt. 19, and she did so before Kohn filed its motion to compel. Thus, Kohn no longer qualifies as a "third party co-defendant."

Kohn does not contend that it would have a right to invoke the arbitration clause if Discover had never been a defendant and the court sees no logical difference between that situation and the situation in this case. Either way, the third party is not a co-defendant at the only time that matters, which is when the court is deciding the motion to compel arbitration.

Kohn says that Rizzo is attempting to "rewrit[e]" the arbitration clause by inserting a "temporal element . . . that does not exist," Dkt. 22, at 8, but it is actually Kohn that is trying to rewrite the agreement. The arbitration clause applies to a "third party co-defendant"; it does not give rights to a party that was "a third-party co-defendant at some earlier point in the case." Adopting Kohn's view would allow a defendant to compel arbitration even if Discover was

---

[3] Kohn does not contend that it qualifies as any of other the "beneficiaries" listed in this provision.

4

dismissed from the case the day after it was filed. Taken to its logical conclusion, Kohn's "once a co-defendant, always a co-defendant" view could allow Kohn to invoke the arbitration clause even if Kohn and Discover had been co-defendants in an earlier case.

If Discover had wanted to create a broader class of beneficiaries that included anyone acting as Discover's agent or anyone being sued on matters related to the account, it could have used that language. *Cf. Sherer v. Green Tree Servicing LLC,* 548 F.3d 379, 382 (5th Cir. 2008) (discussing arbitration agreement that applied to "any claims arising from the relationships which result from the agreement") (internal quotations and alterations omitted). But Discover didn't do that. Instead, the language of the agreement shows that the parties' intent was to tie a third party's right to compel arbitration to the parties' own rights, which makes some sense. If a claim against Discover itself must be arbitrated, then it is more efficient to arbitrate related claims against other parties as well. But if there is no claim against Discover to arbitrate, then the reasons for giving a third party the benefit of the arbitration clause are less apparent. In this way, Kohn's status in the agreement is like that of an "incidental" beneficiary that does not have an independent right to enforce the contract. *Sussex Tool & Supply, Inc. v. Mainline Sewer & Water, Inc.*, 231 Wis. 2d 404, 409, 605 N.W.2d 620, 623 (Ct. App. 1999) ("The person claiming third-party beneficiary status must show that the contracting parties entered into the agreement for the direct and primary benefit of the third party. . . . An indirect benefit incidental to the primary purpose of the contract is insufficient to confer third-party beneficiary status."). *See also Pacanowski v. Fin.*, 271 F. Supp. 3d 738 (M.D. Pa. 2017) (debt collector of past due credit card account not a third-party beneficiary under cardmember agreement because "there [was] no evidence that [the debt collector] received any benefit from the underlying contract that contained the arbitration provision").

5

Kohn also says that Discover's dismissal "was clearly an attempt to dodge arbitration" and the court "should not reward obvious litigation tactics aimed at avoiding arbitration." Dkt. 32, at 4. In support of this allegation, Discover observes that that Rizzo moved to dismiss Discover after Kohn informed Rizzo in a letter of its "desire" to arbitrate. Dkt. 22, at 7 (citing Dkt. 15-1). But Kohn does not cite any authority for the view that Rizzo's "tactics" are a relevant consideration in determining Kohn's rights under the arbitration clause.

Kohn cites *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 643 (7th Cir. 1993), for the proposition that "courts have routinely admonished pleading tactics aimed at attempting to avoid arbitration," Dkt. 22, at 7, but *Sweet Dreams* is not instructive. The court held only that a party could not avoid the effect of an arbitration clause simply by changing her legal theory if the subject matter of her claim fell within the scope of the clause. *Sweet Dreams*, 1 F.3d at 643. That is an objective question that has nothing to do with the parties' motivations. The court did not say either that a party's intent for taking particular action in the litigation is relevant in the context of a motion to compel or that a court may expand the scope of an arbitration agreement in light of that intent.

Another problem with Kohn's argument is that it simply doesn't make sense. As noted above, Kohn does not contend that it could qualify as a third-party co-defendant if Rizzo had not originally named Discover as a defendant. But a plaintiff could just as easily "attempt to avoid arbitration" by choosing to sue only the third party in the first instance. The distinction Kohn is trying to make is arbitrary and has no support in the law.

Rizzo asserts other grounds for denying Kohn's motion, but it is unnecessary to consider those. Because Kohn does not have a right to invoke the arbitration clause in the cardmember member, the court will deny Kohn's motion to compel arbitration.

6

ORDER

IT IS ORDERED that defendant Kohn Law Firm S.C.'s motion to compel arbitration, Dkt. 21, is DENIED.

Entered February 12, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge