UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

---

SASHA RIZZO, on behalf of herself
and all others similarly situated,

        Plaintiff,

v.                                  Case No. 17-cv-408-jdp

KOHN LAW FIRM, S.C.,

        Defendants.

---

**BRIEF IN SUPPORT OF MOTION TO INTERVENE**

---

Wisconsin Lawyers Mutual Insurance Company ("WILMIC") has moved to intervene in this action so that it may seek a declaration with respect to its insurance coverage obligations for the defendant Kohn Lawn Firm, S.C. The allegations of violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act made by the Plaintiff in her Complaint are not covered under the terms of the WILMIC policy. Through a motion for intervention, the insurance coverage issues may be resolved at the same time as the underlying factual issues.

## FACTUAL BACKGROUND

The present action was brought by Plaintiff Sasha Rizzo under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Rizzo's Complaint alleges in pertinent part that Kohn Law Firm publicly filed confidential and statutorily-protected consumer reports of herself and other similarly situated consumers, and she asserts that use of those reports in this fashion was a violation of federal law.

At times relevant to the lawsuit, WILMIC provided a policy of liability insurance to

Case: 3:17-cv-00408-jdp Document #: 49 Filed: 06/20/18 Page 2 of 4

Kohn's Law Firm. Kohn Law Firm has now tendered defense of this lawsuit to WILMIC. However, the WILMIC policy does not provide coverage for the types of claims alleged in the Complaint. WILMIC intends to seek a declaration that it lacks insurance coverage for the allegations of the Complaint.

## ARGUMENT

The Federal Rules of Civil Procedure provide that a party may intervene in an action as a matter of right where (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest is not adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2); *Nissei Sangyo Am. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994).

In the present case, WILMIC's motion is timely. The timeliness requirement is not a precise standard but prevents the moving party from "dragg[ing] its heels." *Nissei Sangyo Am.*, 31 F.3d at 438. The most important consideration is whether the delay will prejudice the existing parties in the case. *Id.* at 439. Since the trial in this matter will not take place for almost a year, the motion is undoubtedly timely.

There can also be no question that WILMIC has an interest in the subject of the underlying action. One of WILMIC's insureds is named as a Defendant, and under the proper circumstances the company would be required to provide insurance coverage for the law firm. In fact, the insured has tendered defense of this claim to WILMIC. WILMIC has an interest in resolving the question of whether it must provide insurance coverage based on the Plaintiff's allegations.

Furthermore, disposition of the action without the participation of WILMIC may impair or impede its ability to protect its interests. Depending on what facts come to light during discovery, WILMIC may or may not be found financially responsible for the actions of its insured. WILMIC has a right to take part in uncovering those facts.

Finally, WILMIC's interests are not adequately represented by any other party. No other party would have any motivation to try to prove that WILMIC's policy did not provide coverage for the underlying allegations. In fact, the opposite is true.

WILMIC has demonstrated a right to intervene in this action. It has satisfied each of the criteria under Fed. R. Civ. P. 24(a)(2).

Alternatively, under Fed. R. Civ. P. 24(b)(1)(B), a court may permit anyone to intervene in an action who "has a claim or defense that shares with the main action a common question of law or fact." The decision to allow intervention under this rule is discretionary. ***EEOC v. Commercial Coating Serv.***, 220 F.R.D. 300, 302 (S.D. Tex. 2004). However, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Federal courts should allow intervention where no one would be hurt and the greater justice would be attained." ***Commercial Coating Serv.***, 220 F.R.D. at 302, citing ***John Doe 1 v. Glickman***, 256 F.3d 371, 375 (5th Cir. 2001).

Both WILMIC and the other parties have a common interest in a resolution of the coverage issues underlying this case. The most efficient approach for addressing the insurance coverage issues is to resolve them within the context of the current lawsuit. WILMIC's requested intervention would not prejudice any of the other parties to this action and could benefit them by eliminating the possibility of future litigation over this issue.

3

**CONCLUSION**

Only by intervening can WILMIC adequately protect its interests, and it meets the criteria for intervention as of right. In the alternative, it should be permitted to intervene because of its common interest with the other parties in resolving the coverage dispute. The motion to intervene should be granted.

Dated this 20th day of June, 2018.

> BELL, MOORE & RICHTER, S.C.
> Attorneys for Proposed Intervenor
> Wisconsin Lawyers Mutual
> Insurance Company
>
> */s/ Sheila M. Sullivan*
>
> By: _____
>     Ward I. Richter
>     State Bar No. 1014371
>     Sheila M. Sullivan
>     State Bar No. 1025532

**Address:**
345 W. Washington Ave., Ste. 302
Madison, WI 53703-3007
Telephone: 608/257-3764
Facsimile: 608/257-3757
E-Mail: wrichter@bmrlawyers.com
          ssullivan@bmrlawyers.com