IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SASHA RIZZO, on behalf of herself and all others
similarly situated,

                Plaintiff,                OPINION & ORDER

  v.

                                            17-cv-408-jdp

KOHN LAW FIRM S.C.,

                Defendant.

---

Plaintiff Sasha Rizzo is suing defendant Kohn Law Firm S.C. for violating her rights under the under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e(1), and 1692f, and the Fair Credit Reporting Act, 15 U.S.C. § 1681b. Specifically, Rizzo says that Kohn disclosed her credit score in public documents filed in a collections action in state court and that doing so was unlawful debt collection activity under the FDCPA and an impermissible use of a "consumer report" under the FCRA.

Two motions are before the court: (1) Rizzo's motion for class certification under Rule 23 of the Federal Rules of Civil Procedure, Dkt. 42; and (2) a motion to intervene filed by Wisconsin Lawyers Mutual Insurance Company, Dkt. 48. For the reasons explained below, the court will grant both motions.

After the parties finished briefing Rizzo's motion for class certification, Kohn filed a motion for summary judgment, four months before the deadline for doing so. Dkt. 57. In light of the court's decision to certify the class, Kohn's motion is premature. Because any dispositive ruling will bind all class members, the court cannot resolve Kohn's motion until the class

members receive notice and have an opportunity to opt out. So the court will deny Kohn's motion without prejudice to Kohn's refiling it after the expiration of the opt out period.

ANALYSIS

A. Motion to intervene

Wisconsin Lawyers Mutual Insurance Company (WLMIC) wishes to intervene so that it can obtain a declaration regarding whether a liability policy it issued to Kohn covers the claims in this case. None of the other parties oppose the motion.

A party may intervene as of right under Rule 24 of the Federal Rules of Civil Procedure if the request is timely, the party claims an interest relating to the property or transaction that is the subject of the action, denying the request may "impair or impede" the party's ability to protect that interest, and the existing parties are not adequate representatives of that interest. *Heartwood, Inc. v. U.S. Forest Serv.*, Inc., 316 F.3d 694, 700 (7th Cir. 2003). This court has concluded in numerous previous cases that an insurance company seeking a coverage determination satisfies that test. *Neri v. Monroe*, No. 11-cv-429 2011 WL 13131150, at *1 (W.D. Wis. Dec. 13, 2011) (citing cases).

In this case, the only requirement in question is timeliness. WLMIC waited more than a year to seek intervention and it identifies no reason for the delay. Because the other parties do not allege that they will be prejudiced, the court will grant the motion to intervene, but with a caveat. Having waited so long to act, WLMIC should not expect to receive a stay or any alteration in the court's schedule to allow time to get up to speed. It will have to abide by the deadlines set forth in the preliminary pretrial conference order. Dkt. 39.

**B. Motion for class certification**

Rizzo seeks to certify two classes, one for violations of the FCRA and one for violations of the FDCPA. Both classes include current and former customers of Discover Bank in the state of Wisconsin who have had their FICO credit scores published by Kohn in Wisconsin circuit court collection actions. Both classes exclude counsel for both sides and court staff. The only difference between the two proposed classes is that the FCRA class extends to conduct that occurred up to two years before Rizzo filed this lawsuit and the FDCPA is limited to one year.[1] This is presumably because the statute of limitations for the FCRA is two years of the discovery of the violation, 15 U.S.C. § 1681p(1), and the statute of limitations for the FDCPA is one year from the date the violation occurred, 15 U.S.C. § 1692k(d).

The requirements for class certification under Rule 23 are well established: (1) the scope of the class as to both its members and the asserted claims must be "defined clearly" using "objective criteria," *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015); (2) the class must be sufficiently numerous, include common questions of law or fact, and be adequately represented by plaintiffs (and counsel) who have claims typical of the class, Fed. R. Civ. P. 23(a); and (3) the class must meet the requirements of at least one of the types of class actions listed in Rule 23(b). In this case, Rizzo asks for certification under Rule 23(b)(3), which applies if "the questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

---

[1] There is a slight discrepancy in Rizzo's two proposed classes. In her proposed definition for the FCRA class, she identifies May 27, 2017, as the date she filed this lawsuit, but in her definition for the FDCPA class, she says that the date is May 26, 2017. Dkt. 43, at 3–4. The correct date is May 26. Dkt. 1.

3

Kohn's three-page response brief does not address any of these requirements, which implies that Kohn believes that Rizzo has satisfied all of them. Regardless, the court concludes that she has.

As to the definition of the class, its scope is clear and its members can be identified using objective criteria. As to numerosity, it is undisputed that Kohn disclosed the credit scores of more than 800 customers within the two years that preceded this lawsuit. As to the adequacy of class counsel, courts have appointed Thomas Lyons Sr. and Thomas Lyons Jr. in many other class actions, including *Eggen v. WESTconsin*, 14-cv-873-bbc, (W.D. Wis. Feb. 26, 2016), which raised issues similar to those in this case. In light of counsel's experience, the court will approve them as class counsel.[2]

Finally, the court concludes that Rizzo has shown that there are questions of law and fact that are common to all the class members, that Rizzo is an adequate class representative and is raising a claim that is typical of the class, that common questions predominate, and that a class action is superior to other methods of adjudication. The claims that Rizzo is raising are virtually identical to the claims of the rest of the class. All potential class members were customers of Discover Bank; all were defendants in collections actions filed by Kohn in Wisconsin state court on behalf of Discover; and in the context of each collections action, Kohn published the customer's credit score. The question is whether Kohn's conduct violates the FCRA and the FDCPA, a question that can be answered on a class-wide basis. Even the relief is the same: Rizzo is seeking statutory damages and injunctive relief. In light of the

---

[2] The court will not approve Joshua Christianson as class counsel. Although Christianson is also listed as Rizzo's counsel in some of Rizzo's filings, Rizzo does not discuss Christianson's experience or abilities in her motion and does not ask that he be included in this order.

similarity of the claims and the limited recovery that is available to each potential class member, it make sense to resolve the claims in one case. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir.1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.").

Kohn raises three issues in its brief: (1) there is another case proceeding in the Eastern District of Wisconsin that raises similar claims to those in this case, *Kitchner v. Fiergola*, No. 18-cv-133 (E.D. Wis., filed January 25, 2018); (2) some of the potential class members have filed for bankruptcy and may be judicially estopped from pursuing claims in this case; and (3) all of the class members lack standing to sue because they have not suffered a concrete injury.

The first and the third issues have nothing to do with class certification. If Kohn believes that another case bars this lawsuit or that the class members' injuries are not sufficient to confer standing, the appropriate response is a motion to dismiss or a motion for summary judgment, not an opposition to class certification. Kohn does not contend that either issue has to be decided on a plaintiff-by-plaintiff basis. (In fact, Kohn contends in its motion for summary judgment that all of the class members lack standing to sue. Dkt. 58.)

As to the other pending case, Kohn does not even attempt to explain how it is relevant. Although a review of the complaint in the other case shows that it raises a similar legal issue, Kohn is not a defendant in that case and there is a different proposed class. Dkt. 54-1. So the court sees no reason why the other case would have any preclusive effect on this one. And even if it did, again, that would be a ground for a dispositive motion, not an opposition to class certification.

This leaves Kohn's concern that almost 200 of the potential class members have filed for bankruptcy. Kohn speculates that some of the class members may have failed to disclose their claims in this case as an asset of the bankruptcy estate. If they did, Kohn says that their claims would be subject to judicial estoppel. Kohn relies on *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006), in which the court held that "a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." Kohn does not ask the court to deny the motion for class certification under *Cannon-Stokes*, which had nothing to do with class actions. Rather, Kohn says that "any classes must be defined to exclude those putative class members who have sought Ch. 7 or other bankruptcy relief, have failed to disclose the claims pursued in this action as an asset in those proceedings, and have had their debts discharged because those putative class members are judicially estopped from pursuing th[ose] claims here." Dkt. 51, at 2.

The court cannot grant Kohn's request. The scope of a class should be "readily discernible," *Ross v. RBS Citizens, N.A.*, 667 F.3d 900, 905 (7th Cir. 2012), and a class should be defined "so that membership does not depend on the liability of the defendant." *Mullins*, 795 F.3d at 660. Kohn's proposed limitation is inconsistent with both of these principles.

First, Kohn does not contend that any of the proposed class members have received discharges after failing to disclose a potential claim in this case. As Rizzo points out, it is unlikely that most of them even know about a potential claim. Because this limitation would be contingent on future events that may or may not occur, it fails the "readily discernible" requirement.

Second, Kohn is essentially seeking to litigate a possible defense to liability at the class certification stage. As noted in *Mullins,* that is not an appropriate use of the class definition

6

because that ties the scope of the class to the merits of a particular claim. *See also Messner v. Northshore University HealthSystem*, 669 F.3d 802, 823 (7th Cir. 2012) (whether some class members' claims will fail on the merits is "a fact generally irrelevant to the district court's decision on class certification").

In some situations it may be appropriate to deny class certification or create subclasses if the defendant is likely to have particularized defenses as to some class members and not others. *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724–25 (7th Cir. 2011); *Torres v. Rhoades*, No. 15-cv-288, 2015 WL 9304584, at *3 (W.D. Wis. Dec. 21, 2015); 5 *Moore's Federal Practice* § 23.25[2][b][iv] (3d ed. 2007). But at least at this point, the possibility that some of the class members may be subject to a judicial estoppel defense is not a ground for denying class certification or even creating a subclass. As noted above, Kohn has not identified any potential class members who would be excluded under this limitation at this time. The court declines to limit the class on the basis of such a speculative possibility. *Messner*, 669 F.3d at 825–26 (declining to reverse class certification because of class members who may be subject to an individualized defense because the defendant "has given us no indication how many such individuals actually exist"). If discovery shows that a large number of class members are subject to an individualized defense and that managing the case as a class action is no longer feasible, Kohn may seek reconsideration then. *Id.* at 826.

## C. Class notice

The only remaining issue is class notice. Under Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Generally, plaintiff's counsel includes a proposed class notice with their motion for certification, but

7

counsel failed to do that in this case. I will give Rizzo the opportunity to do that now. He should take care to include all the information required under Rule 23.

Notice must clearly, concisely, and comprehensibly state: (1) the nature of the action; (2) the class definition; (3) the class claims, issues or defenses; (4) that a class member may enter an appearance through an attorney should he or she desire; (5) that the court will exclude any class member requesting exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on class members, regardless of whether a membermay have a stronger individual claim of liability not dependent on proof of an unofficial policy to deny overtime pay. Fed. R. Civ. P. 23(c)(2)(B).

In addition to this information, it may be appropriate to advise potential class members of the requirement to disclose their claim if they choose to join the class and have filed a bankruptcy action. That could go a long way toward avoiding the potential problem identified by Kohn. But the court will leave to Rizzo to decide in the first instance whether to include that information.

ORDER

IT IS ORDERED that:

1. The motion to intervene filed by Wisconsin Lawyers Mutual Insurance Company, Dkt. 48, is GRANTED.

2. Plaintiff Sasha Rizzo's motion for class certification, Dkt. 42, is GRANTED.

3. The court certifies the following classes:

    a. **FCRA class:** All current and former customers of Discover Bank in the state of Wisconsin who have had their FICO credit scores published by Kohn Law Firm, S.C. in circuit court collection actions within two years of the date of the filing of this lawsuit—May 26, 2017. Excluded from the class are: All counsel for Rizzo and the class; counsel for Kohn; and court staff.

b. **FDCPA class**: All current and former customers of Discover Bank in the state of Wisconsin who have had their FICO credit scores published by Kohn Law Firm, S.C. in circuit court collection actions within one year of the date of the filing of this lawsuit—May 26, 2017. Excluded from the class are: All counsel for Rizzo and the class; counsel for Kohn; and court staff.

4. The court appoints Thomas Lyons Sr. and Thomas Lyons Jr. as class counsel.

5. Rizzo may have until July 26, 2018, to file a proposed class notice. Kohn may have until August 2, 2018, to file a response.

6. Kohn's motion for summary judgment, Dkt. 57, is DENIED without prejudice to Kohn's refiling it after the class members' deadline for opting out of the class.

Entered July 18, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge