# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT and Release (the "AGREEMENT" or "SETTLEMENT") is made by and between plaintiffs by and between plaintiff, Sasha Rizzo ("PLAINTIFF"), on behalf of herself and the SETTLEMENT Class Members (as defined below), on the one hand, and defendants, Charles Fiergola, Joseph R. Johnson, Lucas P. Bennewitz, Tyler M. Helsel, and Kohn Law Firm S.C. ("DEFENDANTS") on the other hand (collectively, "THE PARTIES").

Plaintiff hereby stipulates and agrees that, in consideration of the promises and covenants set forth in this AGREEMENT and upon entry by the court (as defined below) of a Final Approval Order (as defined below), all claims of the PLAINTIFF and the SETTLEMENT Class Members (as defined below) in actions entitled <u>Rizzo v. Discover Bank and Kohn Law Firm, S.C.</u>, Western District of Wisconsin, Case No. 17-CV-408 ("THE ACTION"), and <u>Kitchner v. Fiergola</u>, Eastern District of Wisconsin, Case No. 18-CV-133 ("THE KITCHNER ACTION"), shall be settled, compromised, dismissed, and released upon the terms and conditions contained herein.

## I.    <u>RECITALS</u>.

This AGREEMENT is made with reference to and in contemplation of the following facts and circumstances:

A.    In THE ACTION and THE KITCHNER ACTION, PLAINTIFF asserted claims based on alleged violations of the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA"). PLAINTIFF filed THE ACTION on May 30, 2017 and filed THE KITCHNER ACTION in the Eastern District on January 25, 2018, and asserted these claims on behalf of herself and a purported class of persons similarly situated.

B.    On July 18, 2018, the court granted class certification to the PLAINTIFF in THE ACTION certifying the following class of 859 persons:

- **FCRA Class**: All current and former customers of Discover Bank in the state of Wisconsin who have had their FICO credit scores published by Kohn Law Firm, S.C. in circuit court collection actions within two years of the date of the filing of this lawsuit—May 26, 2017. Excluded from the classes are: All counsel for Rizzo and the class; counsel for Kohn; and court staff.
- **FDCPA Class**: All current and former customers of Discover Bank in the state of Wisconsin who have had their FICO credit scores published by Kohn Law Firm, S.C. in circuit court collection actions within one year of the date of the filing of this lawsuit—May 26, 2017. Excluded from the class are: All counsel for Plaintiffs; counsel for Defendant; and court staff.

The certified classes in THE ACTION are identical to the class on whose behalf THE KITCHNER ACTION was filed and which the plaintiff in THE KITCHNER ACTION sought to certify in THE KITCHNER ACTION.  The court also appointed Thomas J. Lyons, Jr., of the Consumer Justice Center, P.A., as class counsel.

C.    DEFENDANTS vigorously deny all claims asserted in THE ACTION and THE KITCHNER ACTION and deny all allegations of wrongdoing and liability. DEFENDANTS have

promised to appeal from all dispositions to date. DEFENDANTS desires to settle THE ACTION and THE KITCHNER ACTION on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings.

D.     This AGREEMENT resulted from and is the product of extensive, good faith, arm's length negotiations concerning the claims asserted in this matter and claims asserted in both THE ACTION and in THE KITCHNER ACTION. THE PARTIES have participated in informal negotiations to reach a resolution of THE ACTION and THE KITCHNER ACTION as well as extensive mediation efforts in person and by telephone through the services of the federal magistrate judge – The Honorable Peter Oppeneer.

E.     PLAINTIFF and Class Counsel have investigated the facts and law underlying the claims asserted in THE ACTION and THE KITCHNER ACTION. PLAINTIFF and Class Counsel requested, and DEFENDANTS produced, documents regarding PLAINTIFF'S claims and Class Counsel also engaged in numerous discussions with DEFENDANTS regarding the claims. This investigation included, but was not limited to, extensive written discovery exchanged by THE PARTIES and depositions.

F.     As a result of these efforts, THE PARTIES entered into this AGREEMENT, subject to preliminary approval and final approval by the court as required by Rule 23 of the Federal Rules of Civil Procedure, to fully, finally, and forever resolve, discharge, and release all rights and claims of PLAINTIFF and the SETTLEMENT Class Members in exchange for the agreement by DEFENDANTS to pay the total Common/SETTLEMENT Fund of Two Hundred Seventy Thousand Dollars ($270,000), for the benefit of the SETTLEMENT Class.

G.     THE PARTIES understand, acknowledge, and agree that the execution of this AGREEMENT constitutes the settlement and compromise of disputed claims. This AGREEMENT is inadmissible as evidence against any PARTY except to enforce the terms of the AGREEMENT and is not an admission of wrongdoing or liability on the part of any PARTY to this AGREEMENT. It is THE PARTIES' desire and intention to effect a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein.

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, THE PARTIES agree to the SETTLEMENT, subject to approval by the court, as follows:

## II.     **DEFINITIONS**.

A. In addition to the terms defined elsewhere within this AGREEMENT, the following defined terms apply throughout this AGREEMENT and the attached exhibits:

1.     "Defense Counsel" means von Briesen & Roper, S.C.

2.     "Class Counsel" means Thomas J. Lyons Sr. of Lyons Law Firm and Thomas J. Lyons, Jr. of the Consumer Justice Center, P.A.

3.     "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. §1715(b).

4.     "Class Notice" or "Notice Program" means all types of notice that will be provided to

the SETTLEMENT Class regarding the SETTLEMENT, including the Mail Notice, and any different or additional notice that might be ordered by the court. A description of the contemplated Notice Program is provided in Section III D of this AGREEMENT.

5.    "Class Period" means the period from May 26, 2017 through the present time.

6.    "Court" means the United States District court for the Western District of Wisconsin.

7.    "Effective Date" means the tenth business day after the last of the following dates:

a.    THE PARTIES, DEFENDANTS' Counsel, and Class Counsel have executed this AGREEMENT;

b.    The entry, without material change, of the Final Approval Order; and

c.    The running of any appellate review period for this action.

8.    "Final Approval Hearing" means the date of the hearing when the court considers THE PARTIES' request to enter the Final Approval Order granting final approval of the SETTLEMENT and to determine the amount of fees, costs and expenses awarded to Class Counsel.

9.    "Final Approval Order" or "Final Approval" means the order and judgment that the court enters upon finally approving the SETTLEMENT in connection with the Final Approval Hearing.  A proposed form will be submitted following the Final Approval Hearing.

10.    "Common Fund" or "SETTLEMENT Fund" means the sum of Two Hundred Seventy Thousand Dollars ($270,000) to be paid pursuant to Sections III E and III F of this AGREEMENT.

11.    "Mail Notice" means the notice that will be provided pursuant to Section III D of this AGREEMENT, subject to approval by the court, substantially in the form attached hereto as Exhibit B.

12.    "Notice Deadline" shall have the meaning set forth in Section III D of this AGREEMENT.

13.    "Notice Costs" or "Class Administration" means the costs of printing and providing notice to persons in the SETTLEMENT Class (including, but not limited to, costs for Mail Notice, Website Notice and any different or additional notice that might be ordered by the court).

14.    "Opt-Out and Objection Deadline" shall have the meaning set forth in Section III I of this AGREEMENT.

15.    "Preliminary Approval Order" means the order that the court enters upon preliminarily approving the SETTLEMENT, the proposed form of which is attached hereto as Exhibit D. "Preliminary Approval" means the date that the court enters, without material change, the Preliminary Approval Order.

16.    "RELEASED CLAIMS" shall have the meaning set forth in Section III G of this AGREEMENT.

17.    "RELEASED PARTIES" means those persons and entities released as set forth in Section III G of this AGREEMENT.

18.    "Releasing Parties" shall have the meaning set forth in Section III G of this AGREEMENT.

19.    "SETTLEMENT" means the settlement into which THE PARTIES have entered to resolve THE ACTION and THE KITCHNER ACTION. The terms of the SETTLEMENT are set forth in this AGREEMENT and the attached exhibits, which are incorporated by reference herein.

20.    "SETTLEMENT Administrator" means Analytics LLC, subject to approval by the court. The SETTLEMENT Administrator shall be responsible for providing the Class Notice as well as services related to administration of the SETTLEMENT.

21.    "SETTLEMENT Award" means the cash payments that may be available to eligible SETTLEMENT Class Members pursuant to Section III E of this AGREEMENT.

22.    "SETTLEMENT Class" means the:

- **FCRA Class**: All current and former customers of Discover Bank in the state of Wisconsin who have had their FICO credit scores published by Kohn Law Firm, S.C. in circuit court collection actions within two years of the date of the filing of this lawsuit—May 26, 2017. Excluded from the classes are: All counsel for Rizzo and the class; counsel for Kohn; and court staff.

- **FDCPA Class**: All current and former customers of Discover Bank in the state of Wisconsin who have had their FICO credit scores published by Kohn Law Firm, S.C. in circuit court collection actions within one year of the date of the filing of this lawsuit—May 26, 2017. Excluded from the class are: All counsel for Plaintiffs; counsel for Defendant; and court staff.

23.    "SETTLEMENT Class Member" means any of the 859 persons in the SETTLEMENT Class who did not request exclusion from the SETTLEMENT.

24.    "SETTLEMENT Costs" means: (i) any award of attorneys' fees and costs to Class Counsel approved by the court; (ii) any incentive awarded to PLAINTIFF approved by the court; (iii) all costs of printing and providing notice to persons in the SETTLEMENT Class (including, but not limited to, costs for the Notice Program); (iv) all costs of administering the SETTLEMENT, including, but not limited to, the cost of printing and mailing settlement payments, and (v) the fees, expenses and all other costs of the SETTLEMENT Administrator, which amounts are specifically set forth in Section III E2 below.

25.    "SETTLEMENT Website" means the website dedicated to the SETTLEMENT, on which will be posted the Mail Notice, the "Website Notice," the Address Verification Form, a copy of this AGREEMENT, the Preliminary Approval Order, and any other materials THE PARTIES agree to include. The SETTLEMENT Administrator shall secure a URL for the SETTLEMENT Website agreeable to Class Counsel and DEFENDANTS. The SETTLEMENT Website URL shall be terminated and removed from the internet within ten (10) days after operation of the SETTLEMENT Website ceases.

B.    Capitalized terms used in this AGREEMENT but not defined above shall have the meaning ascribed to them in this AGREEMENT, including the attached exhibits.

## III.    <u>TERMS OF SETTLEMENT</u>.

A.    Preliminary Approval.

1.    Preliminary Approval Motion. Within ten (10) days following complete execution of this AGREEMENT, PLAINTIFF will file this AGREEMENT with the court and move the court for entry of the Preliminary Approval Order, which shall specifically include provisions that: (a) preliminarily approve the SETTLEMENT reflected herein as fair, adequate and reasonable to the SETTLEMENT Class, and within the reasonable range of possible final approval; (b) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the SETTLEMENT Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) direct that notice be provided to the SETTLEMENT Class, in accordance with this AGREEMENT, within thirty (30) days following entry of the Preliminary Approval Order (the "Notice Deadline"); (d) establish a procedure for SETTLEMENT Class Members to object to the SETTLEMENT or exclude herself from the SETTLEMENT Class, and set a deadline thirty (30) days after the Notice Deadline, after which no one shall be allowed to object to the SETTLEMENT or exclude himself or herself from the SETTLEMENT Class (the "Opt-Out and Objection Deadline"); (e) pending final determination of whether the SETTLEMENT should be approved, bar and enjoin all SETTLEMENT Class Members, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the RELEASED PARTIES any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the RELEASED CLAIMS; (f) pending final determination of whether the SETTLEMENT should be approved, stay all proceedings in THE ACTION and THE KITCHNER ACTION except those related to effectuation of the SETTLEMENT; and (g) schedule a hearing on Final Approval of the SETTLEMENT, which shall be scheduled no earlier than thirty (30) days after the Opt-Out and Objection Deadline.

2.    Stay/Bar of Proceedings. All proceedings in THE ACTION and THE KITCHNER ACTION will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the SETTLEMENT or comply with the terms of the SETTLEMENT. Pending determination of whether the SETTLEMENT should be granted Final Approval, THE PARTIES in THE ACTION and THE KITCHNER ACTION agree not to pursue any claims or defenses otherwise available to them, and further agree that the Final Approval Order shall include an injunction that no person in the SETTLEMENT Class and no person acting or purporting to act directly or on behalf of a SETTLEMENT Class Member, will commence or prosecute against any of the RELEASED PARTIES any action or proceeding asserting any of the RELEASED CLAIMS. The Preliminary Approval Order will contain an injunction enjoining the commencement or prosecution of the RELEASED CLAIMS by SETTLEMENT Class Members. The SETTLEMENT will be conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

B.    SETTLEMENT Consideration.

1.    The SETTLEMENT Fund. As full and complete consideration for the SETTLEMENT, DEFENDANTS shall pay the total sum of $270,000 (as defined above, the "Fund"),

in full and complete settlement of all claims of PLAINTIFF and the SETTLEMENT Class Members described herein. The Fund shall be used to satisfy all payments to be made pursuant to the SETTLEMENT including, without limitation, all SETTLEMENT Awards to eligible SETTLEMENT Class Members, as discussed below. The Fund shall be reduced by the SETTLEMENT Costs prior to making any SETTLEMENT Awards to SETTLEMENT Class Members, as set forth in Section III E2 and III H below. DEFENDANTS shall not, under any circumstances unless there is a breach of the agreement, be obligated to pay any amounts in addition to the Fund in connection with the SETTLEMENT.

2. Termination. In the event that the SETTLEMENT is not approved, or is terminated, canceled or fails to become effective for any reason, the remaining Fund, less expenses and taxes incurred or due and owing payable from the Fund in accordance with this AGREEMENT, shall be returned to DEFENDANTS within five (5) business days following the event triggering non-approval, termination, cancellation, or failure to become effective.

C.    SETTLEMENT Administrator. The SETTLEMENT Administrator shall administer the SETTLEMENT distribution process. Class Counsel will reasonably cooperate in the notice and administration process by providing the SETTLEMENT Administrator, on a confidential basis, with access to the reasonably available names and mailing addresses for persons in the SETTLEMENT Class (as reflected in reasonably available computerized account records of Class Counsel) (the "Class List") to the extent required to administer the SETTLEMENT. The SETTLEMENT Administrator shall maintain the Class List in a secure manner and not share the Class List with any other person or entity except as expressly set forth herein. Class Counsel will provide the Class List to the SETTLEMENT Administrator and Defendant Counsel within fifteen (15) days following Preliminary Approval. The Class List shall include (1) the name, and (2) last known mailing address available, of all class members.

D.    SETTLEMENT Class Notice Program. The SETTLEMENT Administrator, as specified below, shall provide Class Notice in the forms approved by the court, as detailed below, by the Notice Deadline:

1.    Mail Notice. The SETTLEMENT Administrator will provide (i) individual, direct Mail Notice, to the most recent mailing address as reflected in the reasonably available computerized account records of Class Counsel. A National Change of Address update shall be performed by the SETTLEMENT Administrator before mailing the Mail Notice; all costs of this update will be considered SETTLEMENT Costs and paid from the Fund. Skip tracing shall be performed for all returned direct mail; all costs of skip tracing will be considered SETTLEMENT Costs and paid from the Fund. The form of Mail Notice is attached hereto as Exhibit B.

2.    Website. In addition to the Mail Notice set forth above, the SETTLEMENT Administrator shall post the Mail Notice, a copy of this AGREEMENT, the Preliminary Approval Order, and any other materials THE PARTIES agree to include shall be on the SETTLEMENT Website. The SETTLEMENT Website shall also provide for online submission of Address Verification Forms. These documents shall be available on the SETTLEMENT Website beginning on the Notice Deadline.

3.    CAFA Notice. Defendant Counsel shall be responsible for timely compliance with all CAFA notice requirements and shall provide a copy of any such notices to Class Counsel.

E.     SETTLEMENT Awards.

1.     Awards. Except as set forth herein, SETTLEMENT Class Members will be entitled to a SETTLEMENT Award, which will be payable as described below. The amount of the SETTLEMENT Award shall be payable by cash. Following the deduction of SETTLEMENT Costs, the remaining balance of the Fund shall be distributed to SETTLEMENT Class Members who submit timely and valid Address Verification Forms as follows, subject to court approval.

2.     SETTLEMENT Payments: Payments from the $270,000 fund will be made as follows:

a.     $89,100 in attorneys' fees;

b.     $10,004.89 for costs including class administration and litigation costs;

c.     $4,000 to the class representative, PLAINTIFF Sasha Rizzo; and

d.     Payments of $194.29 to each of the 859 class members.

3.     Obligations of SETTLEMENT Class Members Unaffected by SETTLEMENT. The SETTLEMENT shall not affect debts owed and/or contracts between PLAINTIFF or SETTLEMENT Class Members and any person not a party to this contract, and PLAINTIFF and all SETTLEMENT Class Members shall remain fully obligated on any and all such debts and/or contracts.

F.     Distribution of SETTLEMENT Awards.

All Class Members entitled to a cash award will be sent the award within thirty (30) days after the Effective Date. The SETTLEMENT Administrator shall mail, by first class mail to the last known address, a check to each eligible SETTLEMENT Class Member receiving a cash award. The SETTLEMENT Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered SETTLEMENT Costs and paid from the Fund. Checks will be valid for one- hundred and twenty (120) days after the date on the check. The amounts of any checks that are returned as undeliverable or that remain uncashed more than one-hundred and twenty (120) days after the date on the check will be distributed to Legal Action of Wisconsin, as the cy pres recipient. Any SETTLEMENT Class Member who fails to negotiate the check within the one- hundred-and-twenty (120) day period forever waives and releases its claims for payment of the amount represented by the settlement check which shall be returned to the SETTLEMENT Fund.

G.     Releases. As of the Effective Date, PLAINTIFF and the SETTLEMENT Class Members provide the following releases:   PLAINTIFF and each of the SETTLEMENT Class Members, on behalf of herself and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns (together, the "Releasing Parties"), will be deemed to have fully released and forever discharged DEFENDANTS and each and all of its and their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, and/or predecessors in interest and all of the aforementioned' respective officers, directors, employees, attorneys, shareholders, agents, assigns and vendors and their respective affiliates and all of their respective officers, directors, employees, agents and insurers) (together, the "RELEASED PARTIES") from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not

limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order: (a) that arise out of or are related in any way to the use or disclosure of their FICO score, including, but not limited to, claims under the Fair Credit Reporting Act; and any other statutory or common law claim, including any claim under or for violation of federal or state unfair and deceptive practices statutes, invasion of privacy, conversion, trespass, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; and/or (b) that arise out of or relate in any way to the administration of the SETTLEMENT, whether the claims are brought directly by or on behalf of any SETTLEMENT Class Member in an individual or class action, representative action or in any other capacity, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief (the "RELEASED CLAIMS").. Without limiting the foregoing, the RELEASED CLAIMS specifically extend to claims that SETTLEMENT Class Members do not know or suspect to exist in their favor at the time that the SETTLEMENT, and the releases contained therein, become effective. In connection with such releases, PLAINTIFF and the SETTLEMENT Class Members acknowledge that they are aware that they may hereafter learn facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the SETTLEMENT, but that it is their intention to release fully, finally and forever all RELEASED CLAIMS with respect to the RELEASED PARTIES, and in furtherance of such intention, the releases of the RELEASED CLAIMS will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

    H.    Attorneys' Fees And Costs.  PLAINTIFF shall move the court for an award of attorneys' fees and costs to be paid to Class Counsel from the Fund in the amount noted above. DEFENDANTS shall not object to such a motion.  Class Counsel may receive payment of fees and costs awarded by the court out of the Fund within ten (10) days after the Effective Date. court approval of attorneys' fees and costs, or their amount, will not be a condition of the SETTLEMENT.

    I.    Opt-Out Right/Termination.

    1.    Opt-Out Requirements. SETTLEMENT Class Members may request exclusion from the SETTLEMENT by sending a written request to the SETTLEMENT Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline. Exclusion requests must: (i) be signed by the SETTLEMENT Class Member who is requesting exclusion; (ii) include the full name and address of the SETTLEMENT Class Member requesting exclusion; and (iii) include the following statement: "I request to be excluded from the settlement in the RIZZO ACTION." No request for exclusion will be valid unless all of the information described above is included.  For any SETTLEMENT Class Member who has more than one account, the exclusion request should include all accounts.  No SETTLEMENT Class Member, or any person acting on behalf of or in concert or participation with that SETTLEMENT Class Member, may exclude any other SETTLEMENT Class Member from the SETTLEMENT Class.

    2.    Retention of Exclusions. The SETTLEMENT Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for THE PARTIES.  Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a SETTLEMENT Class Member has properly opted- out.

    J.    Objections To The SETTLEMENT.

1.    Right To Object. Any SETTLEMENT Class Member who has not previously requested exclusion in accordance with the terms of this AGREEMENT may appear at the Final Approval Hearing to object to the proposed SETTLEMENT and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive award, but only if the SETTLEMENT Class Member has first filed a written objection with the court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline. Any SETTLEMENT Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed SETTLEMENT, or the award of any attorneys' fees and costs and/or incentive award. Further, any SETTLEMENT Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the court.

2.    Objection Requirements. To be heard at the Final Approval Hearing, the SETTLEMENT Class Member must make any objection in writing and file it with the court by the Opt-Out and Objection Deadline. The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (i) Class Counsel - Thomas J. Lyons Jr., Consumer Justice Center P.A., 367 Commerce court, Vadnais Heights, MN 55127; and (ii) DEFENDANTS - Terry E. Johnson, von Briesen & Roper, s.c., 411 E. Wisconsin Avenue, Suite 1000, Milwaukee, WI 53202. An objection must: (i) attach documents establishing, or provide information sufficient to allow THE PARTIES to confirm, that the objector is a SETTLEMENT Class Member; (ii) include a statement of such SETTLEMENT Class Member's specific objections; and (iii) state the grounds for objection, as well as identify any documents which such objector desires the court to consider.

K.    Final Approval. Following completion of the Notice Program and expiration of the Opt-Out and Objection Period, PLAINTIFF shall promptly request that the court enter the Final Approval Order, which shall specifically include provisions that: (a) finally approve the SETTLEMENT as fair, reasonable and adequate to the SETTLEMENT Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the SETTLEMENT Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Fund; (d) finally certify the SETTLEMENT Class; (e) confirm that PLAINTIFF and the SETTLEMENT Class Members (except those who have timely and validly requested to opt-out of the SETTLEMENT Class) have released all RELEASED CLAIMS and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the RELEASED CLAIMS against the RELEASED PARTIES; and (f) dismiss THE ACTION and THE KITCHNER ACTION with prejudice, without costs to any PARTY, except as provided in this AGREEMENT.

L.    Dismissal. Upon entry of the Final Approval Order, PLAINTIFF shall take all steps necessary to dismiss THE ACTION and THE KITCHNER ACTION with prejudice as to PLAINTIFF and all SETTLEMENT Class Members.

M.    No Admissions. DEFENDANTS expressly disclaims and denies any wrongdoing or liability whatsoever. This SETTLEMENT, and any and all negotiations, statements, documents, and/or proceedings in connection with this SETTLEMENT, shall not be construed or deemed to be evidence of an admission or concession by DEFENDANTS of any liability or wrongdoing by DEFENDANTS or any of its affiliates, agents, representatives, vendors, or any other person or entity

acting on its behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief. Neither the SETTLEMENT, nor any act performed or document executed pursuant to or in furtherance of the SETTLEMENT: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any RELEASED CLAIM, or of any wrongdoing or liability of DEFENDANTS; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of DEFENDANTS in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed a waiver of DEFENDANTS's right to challenge class certification if this SETTLEMENT for any reason does not become Final; or (d) is or may be deemed to be a waiver of DEFENDANTS's right to seek to enforce any arbitration provision in other cases or against SETTLEMENT Class Members who opt-out of the SETTLEMENT.

N.    Confidentiality. The terms of this SETTLEMENT, including the fact of the proposed SETTLEMENT, shall remain completely confidential until all documents are executed and a motion for preliminary approval of the SETTLEMENT is filed with the court; provided, however, that THE PARTIES may jointly report the pendency of the settlement in principle to the court in THE ACTION as well as potential third-party administrators. DEFENDANTS may, at its sole discretion, disclose the terms of the SETTLEMENT to its auditors and other parties as reasonably necessary.

O.    No Publicity Beyond Notice Procedures. Class Counsel and/or PLAINTIFF will not issue press releases, initiate any public statements, make any statements to public media or make any references to this ACTION on any website or otherwise make public statements regarding the SETTLEMENT, with the exception of the Notices. Class Counsel and/or PLAINTIFF will make no statements of any kind to any third party regarding the SETTLEMENT prior to filing a motion for Preliminary Approval with the court, with the exception of the SETTLEMENT Administrator. THE PARTIES may make public statements to the court as necessary to obtain Preliminary or Final Approval of the SETTLEMENT and Class Counsel will not be prohibited from communicating with any person in the SETTLEMENT Class regarding THE ACTION or the SETTLEMENT. In all communications, Class Counsel must comply with all confidentiality agreements and not disclose any information that is not a part of the public record. All PARTIES and their counsel shall refrain from making negative remarks concerning any of THE PARTIES publicly or taking any action designed or reasonably foreseeable to cause harm to the public perception of any of THE PARTIES regarding any issue related in any way to THE ACTION, THE KITCHNER ACTION, or the SETTLEMENT.

IV.    GENERAL PROVISIONS

A.    SETTLEMENT Conditioned Upon Approval. The SETTLEMENT is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the court. In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking Preliminary or Final Approval, THE PARTIES will return, without prejudice, to the *status quo ante* as if no SETTLEMENT had been negotiated or entered into. The SETTLEMENT and its existence shall be inadmissible to establish any fact relevant to any alleged liability of the RELEASED PARTIES for the matters alleged in THE ACTION or for any other purpose.

B.    Evidentiary Preclusion. Neither the SETTLEMENT, nor any act performed or document executed pursuant to or in furtherance of the SETTLEMENT: (i) is or may be deemed to

be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the RELEASED PARTIES; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the RELEASED PARTIES in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) is or may be deemed to be a waiver of DEFENDANTS's right to seek to enforce any arbitration provision in other cases or against persons in the SETTLEMENT Class who opt out of the SETTLEMENT. In addition, neither the fact of, nor any documents relating to, DEFENDANTS's withdrawal from the SETTLEMENT, any failure of the court to approve the SETTLEMENT and/or any objections or interventions may be used as evidence for any purpose whatsoever. The RELEASED PARTIES may file the SETTLEMENT AGREEMENT, any Order entered regarding the SETTLEMENT and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

C.    Destruction of Confidential Documents.  It is agreed that, within thirty (30) days after the Effective Date, the originals and all copies of all confidential documents and/or information subject to any confidentiality agreement, shall be returned to the producing party or destroyed. This obligation extends to the Class List and those documents provided by Class Counsel and DEFENDANTS in connection with any settlement discussions. Nothing in the AGREEMENT shall require attorney work product or pleading files to be returned or destroyed.

D.    No Construction Against Drafter.  This SETTLEMENT AGREEMENT will be deemed to have been drafted by THE PARTIES, and any rule that a document shall be interpreted against the drafter will not apply.

E.    Entire AGREEMENT.  This AGREEMENT contains the entire agreement between THE PARTIES and supersedes all prior understandings, agreements, or writings regarding the subject matter of this AGREEMENT. This AGREEMENT may be amended or modified only by a written instrument signed by all PARTIES or their successors in interest or their duly authorized representatives and approved by the court. The provisions of the AGREEMENT may be waived only in a writing executed by the waiving party. The waiver by one PARTY of any breach of this AGREEMENT by any other PARTY shall not be deemed a waiver, by that PARTY or by any other PARTY, of any other prior or subsequent breach of this AGREEMENT.

F.    Authority.  PLAINTIFF and DEFENDANTS represent and warrant that the persons signing this AGREEMENT on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of PLAINTIFF and DEFENDANTS to all terms of this AGREEMENT. Any person executing this AGREEMENT in a representative capacity represents and warrants that he or she has done so freely and he or she is fully authorized to do so and to bind the PARTY on whose behalf he or she signs this AGREEMENT to all of the terms and provisions of this AGREEMENT.

G.    No Assignment.  No PARTY to this AGREEMENT has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this AGREEMENT.

H.    Receipt of Advice of Counsel.  Each PARTY acknowledges, agrees and specifically

warrants that he, she or it has fully read this AGREEMENT and the Releases contained herein, received independent legal advice with respect to the advisability of entering this AGREEMENT and the Releases, and the legal effects of this AGREEMENT and the Releases, and fully understands the effect of this AGREEMENT and the Releases. Each PARTY to this AGREEMENT warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other PARTY, other than the warranties and representations expressly made in this AGREEMENT.

I.      AGREEMENT Binding on Successors in Interest.  This AGREEMENT is binding on and shall inure to the benefit of the respective heirs, successors and assigns of THE PARTIES.

J.      Execution In Counterparts. THE PARTIES may execute this AGREEMENT in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

K.      Notices.  All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

Thomas J. Lyons, Jr.                    Terry E. Johnson
Consumer Justice Center, P.A.           von Briesen & Roper, s.c.
367 Commerce Court                      411 E. Wisconsin Avenue, Suite 1000
Vadnais Heights, MN  55127              Milwaukee, WI  53202
tommy@consumerjusticecenter.com         tjohnson@vonbriesen.com

L.      Retention of Jurisdiction. The court shall retain jurisdiction with respect to implementation and enforcement of the terms of this AGREEMENT, and all Parties submit to the jurisdiction of the court for purposes of implementing and enforcing the SETTLEMENT embodied in this AGREEMENT.

IN WITNESS WHEREOF, THE PARTIES hereto have caused this AGREEMENT to be executed as of the last date set forth below:

Dated: 1/23/19

By: _____
Sasha Rizzo

As to Plaintiff, the SETTLEMENT Class, and the Plaintiff in THE KITCHNER ACTION:

CONSUMER JUSTICE CENTER, P.A.

Dated: 1/23/19

By: _____
Thomas J. Lyons, Jr.

For Defendants

Dated: _____

By: _____
Kohn Law Firm S.C.

Dated: _____

By: _____
Charles Fiergola

Dated: _____

By: _____
Lucas P. Bennewitz

Dated: _____

By: _____
Tyler M. Helsel

Dated: _____

By: _____
Joseph R. Johnson


VON BRIESEN & ROPER, S.C.

Dated: _____

By: _____
Terry E. Johnson

13

IN WITNESS WHEREOF, THE PARTIES hereto have caused this AGREEMENT to be executed as of the last date set forth below:

Dated: _____

By: _____
        Sasha Rizzo

As to Plaintiff, the SETTLEMENT Class, and the Plaintiff in THE KITCHNER ACTION:

CONSUMER JUSTICE CENTER, P.A.

Dated: _____

By: _____
        Thomas J. Lyons, Jr.

For Defendants

Dated: 1/21/19

By: _____
        Kohn Law Firm S.C.  by David A. Ambrosh, Shareholder

Dated: _____

By: _____
        Charles Fiergola

Dated: _____

By: _____
        Lucas P. Bennewitz

Dated: _____

By: _____
        Tyler M. Helsel

Dated: 1/21/19

By: _____
        Joseph R. Johnson

VON BRIESEN & ROPER, S.C.

Dated: _____

By: _____
        Terry E. Johnson

13

IN WITNESS WHEREOF, THE PARTIES hereto have caused this AGREEMENT to be executed as of the last date set forth below:

Dated: _____        By: _____
                                     Sasha Rizzo

                                As to Plaintiff, the SETTLEMENT Class, and
                                the Plaintiff in THE KITCHNER ACTION:


                                CONSUMER JUSTICE CENTER, P.A.


Dated: _____        By: _____
                                     Thomas J. Lyons, Jr.


                                For Defendants


Dated: _____        By: _____
                                     Kohn Law Firm S.C.

Dated: 1-21-2019                By: _____
                                     Charles Fiergola

Dated: _____        By: _____
                                     Lucas P. Bennewitz


Dated: _____        By: _____
                                     Tyler M. Helsel


Dated: _____        By: _____
                                     Joseph R. Johnson



                                VON BRIESEN & ROPER, S.C.


Dated: _____        By: _____
                                     Terry E. Johnson

13

IN WITNESS WHEREOF, THE PARTIES hereto have caused this AGREEMENT to be executed as of the last date set forth below:

Dated: _____     By: _____
                                  Sasha Rizzo

                             As to Plaintiff, the SETTLEMENT Class, and
                             the Plaintiff in THE KITCHNER ACTION:

                             CONSUMER JUSTICE CENTER, P.A.

Dated: _____     By: _____
                                  Thomas J. Lyons, Jr.

                             For Defendants

Dated: _____     By: _____
                                  Kohn Law Firm S.C.

Dated: _____     By: _____
                                  Charles Fiergola

Dated: 1/22/19               By: _____
                                  Lucas P. Bennewitz

Dated: _____     By: _____
                                  Tyler M. Helsel

Dated: _____     By: _____
                                  Joseph R. Johnson

                             VON BRIESEN & ROPER, S.C.

Dated: 1/23/19               By: _____
                                  Terry E. Johnson

13

IN WITNESS WHEREOF, THE PARTIES hereto have caused this AGREEMENT to be executed as of the last date set forth below:

Dated: _____          By: _____
                                      Sasha Rizzo

                                  As to Plaintiff, the SETTLEMENT Class, and
                                  the Plaintiff in THE KITCHNER ACTION:

                                  CONSUMER JUSTICE CENTER, P.A.

Dated: _____          By: _____
                                      Thomas J. Lyons, Jr.

                                  For Defendants

Dated: _____          By: _____
                                      Kohn Law Firm S.C.

Dated: _____          By: _____
                                      Charles Fiergola

Dated: _____          By: _____
                                      Lucas P. Bennewitz

Dated: 1/21/19                    By: _____
                                      Tyler M. Helsel

Dated: _____          By: _____
                                      Joseph R. Johnson


                                  VON BRIESEN & ROPER, S.C.

Dated: _____          By: _____
                                      Terry E. Johnson

APPROVED AS TO FORM AND CONTENT:
CLASS COUNSEL:

the Plaintiff in THE KITCHNER ACTION:

As to Plaintiff, the SETTLEMENT Class, and

CONSUMER JUSTICE CENTER, P.A.

Dated: 1/23/19

By: _____
        Thomas J. Lyons, Jr.

APPROVED AS TO FORM AND CONTENT:
DEFENDANTS' COUNSEL:

VON BRIESEN & ROPER, S.C.

Dated: 4/23/19

By: _____
        Terry E. Johnson

32106351_1.DOCX