IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SASHA RIZZO, on behalf of herself and all others similarly situated,

        Plaintiff,

v.

KOHN LAW FIRM S.C.,

        Defendant.

OPINION and ORDER

17-cv-408-jdp

---

In this class action, plaintiff Sasha Rizzo is proceeding on claim that defendant Kohn Law Firm S.C. violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e(1), and 1692f, and the Fair Credit Reporting Act, 15 U.S.C. § 1681b, by publishing her and other class members' credit scores. The parties have reached a settlement and they have filed a motion for preliminary approval. Dkt. 74. For the reasons explained below, the court will deny the parties' motion without prejudice and give them an opportunity to provide the needed information that is missing from their motion.

BACKGROUND

Rizzo applied for and received a credit card from Discover Bank. When Rizzo failed to repay the balance on her card, Discover sued Rizzo in the Circuit Court for Eau Claire County, Wisconsin. Kohn was the law firm that represented Discover. Attached to the state-court complaint was a copy of Rizzo's monthly billing statement for her Discover account and included in the statement was Rizzo's credit score, which was not redacted.

Rizzo sued both Discover and Kohn, contending that publishing her credit score violated both the FDCPA and the FCRA. Rizzo later dismissed her claims against Discover.

Dkt. 19. The court then denied Kohn's motion to compel arbitration because Rizzo did not have an arbitration agreement with Kohn. Dkt. 41. The court certified the following classes:

> FCRA class: All current and former customers of Discover Bank in the state of Wisconsin who have had their FICO credit scores published by Kohn Law Firm, S.C. in circuit court collection actions within two years of the date of the filing of this lawsuit—May 26, 2017. Excluded from the class are: All counsel for Rizzo and the class; counsel for Kohn; and court staff.
>
> FDCPA class: All current and former customers of Discover Bank in the state of Wisconsin who have had their FICO credit scores published by Kohn Law Firm, S.C. in circuit court collection actions within one year of the date of the filing of this lawsuit—May 26, 2017. Excluded from the class are: All counsel for Rizzo and the class; counsel for Kohn; and court staff.

Dkt. 62.

Following class certification, the parties engaged in settlement negotiations, resulting in the proposed settlement.

ANALYSIS

Under the terms of the proposed settlement agreement, Kohn agrees to pay a total of $270,000, which includes: (1) $89,100.00 in attorneys' fees; (2) $10,004.89 for costs, including administration costs; (3) $166,895.11 for the class ($194.29 for each of the 859 class members); and (4) an additional $4,000 incentive award for Rizzo. Class members will receive notice through direct mail and through the settlement website. Legal Action of Wisconsin will receive any unclaimed amounts.

Under Federal Rule of Civil Procedure 23(e), the court must approve any class settlement and may do so only after the class members have had an opportunity to object and the court has held a hearing and concluded that the terms of the agreement are fair, reasonable,

and adequate. In this circuit, the practice is for the court to give its preliminary approval after reviewing the proposed settlement and then to give final approval after notifying the class members and holding a hearing. *E.g., Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980); *Groshek v. Great Lakes Higher Educ. Corp.*, No. 15-cv-143-jdp, 2016 WL 4690318, at *1 (W.D. Wis. Apr. 13, 2016); *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*, No. 13 C 9116, 2016 WL 3854603, at *3 (N.D. Ill. July 15, 2016). The question at the preliminary stage is whether the proposed settlement is "within the range of possible approval." *Armstrong*, 616 F.2d at 314; *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 (7th Cir. 1979); *Stewart v. Marshall Etc, Inc.*, No. 14-CV-1002-NJR-PMF, 2015 WL 5120817, at *1 (S.D. Ill. Aug. 28, 2015). At the final stage, the court must give greater scrutiny to the settlement, considering various factors such as the strength of the case compared to the settlement amount; the complexity, length, and expense of the litigation; any opposition to settlement; the opinion of competent counsel; and the stage of the proceedings (including the amount of discovery completed) at the time of settlement. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863-64 (7th Cir. 2014); *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

Before the court will give preliminary approval of the settlement, the parties will need to explain how they determined a fair settlement amount. They provide almost no information in their motion about the process they used to calculate the class's potential damages. Without that basic information, the court cannot determine whether the settlement falls within the range of possible approval.[1]

---

[1] Rizzo also fails to justify her request for attorney fees, but she says that she will be filing a separate motion on that issue. Dkt. 74, at 8 n.2.

ORDER

IT IS ORDERED that:

1. The parties' motion for preliminary approval, Dkt. 74, is DENIED without prejudice.

2. The parties may have until February 14, 2019, to file a revised motion for preliminary approval of the settlement.

Entered January 30, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge